# BROOKLYN MINING AND MILLING COMPANY v. MILLER.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 144. Argued January 23, 24, 1913.—Decided February 3, 1913.

Suit for specific performance dismissed by the courts below for failure of the vendors to comply with the terms of the agreement and judgment affirmed by this court.

The court below properly held appellant to an agreement made in **open court** as consideration for a continuance that no judgment that **might** meanwhile be obtained in another State on the same cause of action should be pleaded.

13 Arizona, 217, affirmed.

The facts are stated in the opinion.

*Mr. F. S. Howell,* with whom *Mr. John J. Hawkins,*
*Mr. Thos. C. Job* and *Mr. A. W. Jefferis* were on the brief,
for appellant:

Under the issues presented, and the findings of both
lower courts that no sale had been consummated of the
West Brooklyn claim to the United Verde Copper Com-
pany by defendants prior to January 1, 1908, the plaintiff
was entitled to specific performance of the contract in
suit, without regard to whether it prevented such con-
summation or not. *Beardsley* v. *Beardsley,* 138 U. S.
261; *Columbia Nat. Bk.* v. *Ger. Nat. Bk.* (Neb.), 77 N.
W. Rep. 346; *Keenan* v. *Sic.* (Neb.), 136 N. W. Rep. 841;
2 Kent's Comm. 468; *Micks* v. *Stevenson* (Ind.), 51 N.
E. Rep. 492, 493; *Phillip Schneider Brewing Co.* v. *Am.
Ice Mach. Co.,* 77 Fed. Rep. 138, 142–144.

Appellant (plaintiff) was guilty of no default, under the
terms of the contract set up in its complaint, which would
warrant the lower courts in refusing it a decree by way of
specific performance ordering a conveyance to it of the
West Brooklyn and other mining claims mentioned in its
complaint, and the refusal of such relief and the dismissal
of plaintiff's (appellant's) complaint was reversible error.

The formal dismissal of the complaint in the case re-
ferred to in the contract, the case of the *Brooklyn Company*
v. *Miller,* was not a condition precedent to be performed
before the consummation of a sale of the "West Brook-
lyn" claim to the United Verde. If it is to be maintained
that the contract itself did not operate to dismiss the case,
appellant could formally dismiss at any time before decree
for specific enforcement. *King* v. *Gsuntner,* 23 Nebraska,
797; Pom. Con., p. 462, § 390; *Seaver* v. *Hall,* 50 Nebraska,
878, 882; Story on Eq. Jur. 777; *Whiteman* v. *Perkins,*
56 Nebraska, 181, 185.

Defendants (appellees) made no proper tender of per-

formance following which plaintiff (appellant) would be obliged to dismiss its suit against Miller *et al.* according to the terms of the contract. *Blight* v. *Schneck*, 10 Pa. St. 285; *Fred* v. *Fred*, 50 Atl. Rep. 776; *Fitch* v. *Bunch*, 30 California, 208–212; *Great Western Tel. Co.* v. *Lowenthal*, 154 Illinois, 261; *MacDonald* v. *Huff*, 77 California, 279; *Tharaldson* v. *Evereth*, 87 Minnesota, 168; *Wittenbrock* v. *Cass*, 110 California, 1.

The undisputed testimony and admissions of appellees (defendants) conclusively show that the failure of appellant to dismiss the suit mentioned in the contract sued on had absolutely nothing to do with and did not cause the failure of appellees to perform the condition precedent of a sale of the West Brooklyn to the United Verde Copper Company. *Halsell* v. *Renfrow*, 202 U. S. 287; *Davis* v. *Williams*, 54 L. R. A. 749; *So. Pine Lumber Co.* v. *Ward*, 208 U. S. 126; *Ward* v. *Sherman*, 192 U. S. 168.

The defendants having taken the position, before litigation was started to compel performance, that the West Brooklyn had in fact been sold to the United Verde Copper Company on or before January 1, 1908, cannot, after suit, change front and assert that a failure to sell was for the fault of plaintiff. *Columbia Nat. Bk.* v. *Ger. Nat. Bk.* (Neb.), 77 N. W. Rep. 346.

The court erred in refusing to give effect to the Nebraska decree, for the reason that it constituted an adjudication of the rights of the plaintiff and certain of the parties defendant by a court of competent jurisdiction, and was therefore conclusive in this case as to such rights and parties as were involved therein. *Bigelow* v. *Old Dominion Copper Min. & Smelt. Co.*, 225 U. S. 111; *Butterfield* v. *Nogales Copper Co.*, 80 Pac. Rep. 345; *Deposit Bank* v. *Frankfort*, 191 U. S. 499; *Estil* v. *Embry*, 112 Fed. Rep. 882; *Fayerweather* v. *Ritch*, 195 U. S. 276; *Harris* v. *Balk*, 198 U. S. 215; *Hilton* v. *Guyot*, 159 U. S. 113; *Heinze* v. *Butte Min. Co.*, 129 Fed. Rep. 274; *The J. R. Langdon*, 163

Fed. Rep. 472; *So. Pac. Ry. Co. v. United States,* 168 U. S. 1; *Niles v. Lee* (Mich.), 135 N. W. Rep. 274; *No. Pac. Co. v. Slaght,* 205 U. S. 122.

Mr. T. G. Norris, with whom *Mr. John M. Ross, Mr. Reese M. Ling* and *Mr. E. J. Mitchell* were on the brief, for appellees:

The findings of the District Court adopted by the Supreme Court of the Territory in its judgment of affirmance brought here as a statement of facts in the nature of a special verdict, present the sole question for determination, apart from exceptions duly taken to rulings on the admission or rejection of evidence—do the findings of fact support the judgment? *Stringfellow v. Cain,* 99 U. S. 610; *Neslin v. Wells Fargo Co.,* 104 U. S. 428; *Eilers v. Boatman et al.,* 111 U. S. 356; *Idaho & Oregon Land Imp. Co. v. Bradbury,* 132 U. S. 509; *Mammoth Mining Co. v. Salt Lake Machine Co.,* 151 U. S. 450; *Haws v. Victoria Copper Min. Co.,* 160 U. S. 303; *Gildersleeve v. New Mexico Min. Co.,* 161 U. S. 573; *Bear Lake & River Water Works & Irr. Co. v. Garland,* 164 U. S. 18; *Harrison v. Perea,* 168 U. S. 323.

The contract of August 27, 1907, was in the alternative. Appellant had no right to a choice of its alternatives unless appellees should fail without any fault of appellant. When by its own wrong appellant brought about the condition complained of, it was properly denied specific performance.

Appellant's default in failing and refusing to dismiss action 4541 before January 1, 1908, and its tenacious maintenance of the suit as a pending action with its consequences, was ample and sufficient reason for the court's refusing decree of specific performance. *Whiteman v. Perkins,* 56 Nebraska, 181, 185.

The Nebraska decree could not control the court in Arizona. *Ellinwood v. Marietta Chair Co.,* 158 U. S. 105,

107; *Fall v. Eastin,* 215 U. S. 11; *Watts v. Waddle,* 6 Pet. 389; *Watkins v. Holman,* 16 Pet. 25; *Fall v. Fall,* 113 N. W. Rep. 175; *Enos v. Hunter,* 9 Illinois, 214; *Wilson v. Braden,* 36 S. E. Rep. 367; *Wimer v. Wimer,* 82 Virginia, 890; *Lindley v. O'Reilly,* 50 N. J. L. 636; *Bullock v. Bullock,* 52 N. J. Eq. 561.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by the appellant for the specific performance of a contract made between it and C. C. Miller, A. V. Miller, now deceased, and G. B. Lasbury, hereafter called the vendors, for the sale by the latter parties, on certain conditions and terms, of 175,000 shares of stock in the appellant, or in the alternative of all their interest in the West Brooklyn and certain other mining claims. The bill alleges the failure of the condition referred to and seeks a conveyance of the interest in the mining claims and an account. It was dismissed by the court below and the plaintiff appealed.

The facts found, abridged, are these. The vendors owned the mining claims and had given an option to purchase the West Brooklyn claim and another not concerned here to the United Verde Copper Company, which was extended and kept in force up to January 1, 1908. In 1906, a stockholder in the appellant had begun a suit on behalf of himself and others, afterwards amended so as to make the appellant plaintiff, to have the Millers and Lasbury, also stockholders, declared trustees for the appellant of the mining claim now in question. Miller, on the other hand, had sued the appellants for work done upon the Brooklyn claim. By way of compromise the present contract was made. It recited the two suits and the conditional sale of the West Brooklyn claim to the United Verde Copper Company and provided in consideration of the dismissal and settlement of the foregoing

causes of action that if the sale to the United Verde Company was consummated by January 1, 1908, the above mentioned transfer of stock should be made, &c., but that if for any reason the sale should not be consummated then the conveyance now sought for should take place.*

---

\* The contract in full is as follows:

"Whereas, an action is now pending in the District Court of Yavapai County, Arizona, entitled *Brooklyn Mining & Milling Company et al.,* v. *Charles C. Miller, Alonzo V. Miller and George B. Lasbury,* which action relates to the title of the West Brooklyn, East Brooklyn and South Brooklyn Mining Claims located in said county and Territory, and relates to an accounting for ores and minerals taken therefrom, and

"Whereas, The said Charles C. Miller, Alonzo V. Miller and George B. Lasbury have made a conditional sale of the above named West Brooklyn Mining claim for the sum of ten thousand dollars to the United Verde Copper Company, and

"Whereas, an action is pending in the District Court of Yavapai County, Arizona, entitled *Charles C. Miller* v. *Brooklyn Mining & Milling Company* for several thousand dollars claimed to be due and owing to the said Charles C. Miller for services performed by him and Alonzo V. Miller for the said Brooklyn Mining & Milling Company, and

"Whereas, It is the desire of the parties connected with the foregoing causes of action to settle same, and to adjust the matters of difference between the parties in connection therewith;

"Therefore, In consideration of the dismissal and settlement of the foregoing causes of action it is hereby stipulated and agreed by and between the Brooklyn Mining & Milling Company and Charles C. Miller, Alonzo V. Miller and George B. Lasbury that if the sale of the West Brooklyn Mining claim to the United Verde Copper Company is consummated on or before the first day of January, 1908, the said Charles C. Miller, Alonzo V. Miller and George B. Lasbury are to transfer and deliver to the said Brooklyn Mining & Milling Company one hundred seventy-five thousand shares (175,000) of stock in said Brooklyn Mining & Milling Company, free and clear of all liens or incumbrance whatsoever; it being understood that said transfer of stock is to include all of the holdings of the said Charles C. Miller, Alonzo V. Miller and George B. Lasbury in the Brooklyn Mining & Milling Company, and the said parties are to receive therefor the sum of 3 (Three) cents per share for said stock; and in addition thereto Charles C. Miller, Alonzo V. Miller and George B. Lasbury are to pay to the Brooklyn Mining & Milling Company the sum of eight thousand, five hundred

The suit by Miller was dismissed and a dismissal of the company's action was requested, but it was declined. Then on January 2, 1908, the vendors, alleging consummation of the contract with the United Verde Company, tendered performance, which was declined on the ground

dollars ($8,500.00) out of the proceeds derived from the sale of the said West Brooklyn mining claim; in addition thereto the said Charles C. Miller, Alonzo V. Miller and George B. Lasbury are to convey all of their right, title and interest in and to the East Brooklyn, South Brooklyn, North Brooklyn, Empress and Midway mining claims, and said transfer shall contain the warranty that the assessment work has been done for the year 1907 upon the Empress, Midway and North Brooklyn and the said Brooklyn Mining & Milling Company shall pay the said assessment work at its reasonable value. The said Charles C. Miller, Alonzo V. Miller and George B. Lasbury agree to do the assessment work for the year 1907, on the East and South Brooklyn mining claims, and said assessment work so to be performed is to be paid for by the Brooklyn Mining & Milling Company at its reasonable value. It is further stipulated and agreed by and between the parties hereto that if for any reason the sale of the West Brooklyn claim to the United Verde Copper Company by the said Charles C. Miller, Alonzo V. Miller and George B. Lasbury shall not be consummated on or before the first day of January, 1908, then the said Charles C. Miller, Alonzo V. Miller and George B. Lasbury are to convey to the Brooklyn Mining & Milling Company all of their right, title and interest in and to the West Brooklyn, East Brooklyn, South Brooklyn, North Brooklyn, Empress and Midway mining claims, and the assessment work on the North Brooklyn, Empress and Midway claims for the year 1907 is to be paid by the said Brooklyn Mining Company at its fair and reasonable value.

"It is understood by and between the parties hereto that the foregoing does not concede or admit any of the allegations contained in the pleadings of said causes of action, but the agreement is entered into for the purpose of adjusting the matters of difference between said parties and avoiding further costs and expenses to the parties hereto.

"In Witness Whereof, We have hereunto set our hands this 27th day of August, A. D. 1907.

"C. C. Miller.
"A. V. Miller.
"G. B. Lasbury.
"Brooklyn Mining & Milling Company.
"By Chas. W. Pearsall, *President.*"

that it did not comply with the terms of the present agreement, and there was a second refusal to dismiss the company's suit.   On February 15, however, it did dismiss that suit and ten minutes later began the present one. This was tried in March, 1909, and the court found that the sale to the United Verde Company had not been consummated and that the failure was caused by the refusal of the plaintiff to dismiss its former above mentioned suit, which, it will be remembered, impeached the title of the vendors.   (The vendors were not estopped by earlier having alleged consummation.)   The court, however, instead of dismissing the bill outright made an alternative decree that it be dismissed if the plaintiff did not assent within thirty days to certain terms looking to a carrying out of the sale to the United Verde Company. The plaintiff refused its assent and the Supreme Court, accepting the finding of the court below, affirmed the dismissal of the bill.   This disposes of the case except in one particular to be mentioned.   *Harrison* v. *Perea*, 168 U. S. 311, 323.

On January 28, 1908, the appellant brought a suit in Nebraska for specific performance of the same agreement now sued upon here, and on February 8, 1909, it was decided that the vendors must convey their interest in the West Brooklyn claim, as against Ada M. Miller, grantee of A. V. Miller, and Lasbury, the only parties served, and a master appointed by the court executed a conveyance accordingly.   The appellant sought to avail itself of this decree and conveyance.   But on December 23, 1908, it was agreed in open court in consideration of the defendants allowing a continuance of the present Arizona cause that no judgment that might be obtained in Nebraska should be pleaded.   The court properly held the appellant to its agreement.   There was a cross complaint by the appellees in the answer to which the decree and conveyance were pleaded, but the Supreme Court, after refer-

ring to *Fall* v. *Eastin*, 215 U. S. 1, disposed of the matter by noticing that no relief was given on the cross complaint and that specific performance was denied on other grounds.

*Judgment affirmed.*