**KRAUS v. CHICAGO, B. & Q. R. CO. et al.**

(District Court. D. Wyoming. January 12, 1925.)

No. 1490.

1. **Removal of causes ⊙=36—Fraudulent joinder cause for removal.**

Fraudulent joinder of resident defendant is cause for removal to federal court, although not statutory ground therefor, in view of court decisions.

2. **Removal of causes ⊙=107(4)—Questions of fact determinable by federal courts.**

Questions of fact arising in connection with removal of cause, such as that of fraudulent joinder, are determinable by the federal courts.

3. **Removal of causes ⊙=107(5)—Verified petition for removal, alleging fraudulent joinder, held to warrant refusal to remand, where no issue joined on question of fraudulent joinder.**

Defendant's verified petition for removal. alleging fraudulent joinder of resident codefendant for purpose of defeating right of removal, is sufficient to sustain charge and to warrant federal court's refusal to remand, where motion to remand alleges merely that codefendant is resident of same state as plaintiff, and does not join issue on question of fraudulent joinder.

4. **Removal of causes ⊙=36—Pecuniary irresponsibility of resident defendant, or motive of plaintiff in making him party, cannot be considered.**

Pecuniary irresponsibility of resident defendant, or motive of plaintiff in making him a party, cannot be inquired into in determining whether cause is removable.

5. **Statutes ⊙=226—State statute construed by federal court in accordance with construction of statute of other state from which it was adopted.**

The District Court, in determining, on motion to remand, whether resident engineer was properly joined with railroad in negligence action under Comp. St. Wyo. 1920, § 5593, will construe such statute in accordance with construction of statute of other state from which it was adopted, by Supreme Court of such other state, in absence of construction by Supreme Court of Wyoming, or by Circuit Court of Appeals of the circuit, or the Supreme Court of the United States.

At Law. Action by Harry B. Kraus against the Chicago, Burlington & Quincy

Railroad Company and another. On plaintiff's motion to remand to state court. Overruled.

H. C. Brome and Thomas M. Hyde, both of Basin, Wyo., and W. L. Walls, of Cheyenne, Wyo., for plaintiff.

E. T. Clark, of Billings, Mont., and A. C. Campbell, of Cheyenne, Wyo., for defendants.

KENNEDY, District Judge. This cause is before the court upon a motion to remand. It appears that the suit was instituted in the district court of the Fifth judicial district in and for the county of Big Horn, state of Wyoming, against the Chicago, Burlington & Quincy Railroad Company and one F. D. Stone, one of its locomotive engineers, seeking damages against the defendants on account of their joint negligence in the operation of a train of cars at Greybull, in said county of Big Horn, in consequence of which plaintiff suffered injuries.

Within the time permitted by statute, the defendant Chicago, Burlington & Quincy Railroad Company filed its petition for removal of the cause to this court, duly verified, and the plaintiff in turn here filed his motion to remand. The grounds of the removal, as alleged in the removal petition, are that the defendant Stone is fraudulently joined as a party to the cause for the purpose of defeating the other defendant in its right of removal, and that a separable controversy exists between the plaintiff and the railroad defendant.

The substance of the motion to remand is that it appears upon the face of the record that this court has no jurisdiction for the reason that the plaintiff and the defendant Stone are both residents of the state of Wyoming, that the suit was properly brought in the state court, and that it appears from the face of the record that the suit is not one which may be properly removed from the state court to the United States court.

[1] Fraudulent joinder in this class of cases as a cause for removal does not appear to be a statutory ground, but has grown up to the stature of a full-fledged doctrine through court decision. In Rose on Federal Jurisdiction and Procedure (2d Ed.) at section 285, page 334, is found the following language:

"A much more common way, however, of preventing the removal of a case from the state to the federal courts, is for the plaintiff to join in one action the nonresident defendant with others who are residents. This has

become not unusual in negligence cases. Where, for example, some one has suffered an injury upon a railroad operated by a nonresident corporation, the plaintiff may bring suit against the railroad, uniting as defendants some of its employees who happen to be citizens of the state."

In speaking of this subject the Supreme Court, through Mr. Justice Day, in the case of Alabama Southern Ry. v. Thompson, 200 U. S. 206, at page 218, 26 S. Ct. 161, 165, 50 L. Ed. 441, 4 Ann. Cas. 1147, says:

"It is to be remembered that we are not now dealing with joinders, which are shown by the petition for removal, or otherwise, to be attempts to sue in the state courts with a view to defeat federal jurisdiction. In such cases entirely different questions arise, and the federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the federal courts of the protection of their rights in those tribunals."

[2] Where questions of fact arise in connection with the removal of a cause, those questions are determinable by the federal courts. Burlington, Cedar Rapids and Northern Railway Company v. Dunn, 122 U. S. 513, 7 S. Ct. 1262, 30 L. Ed. 1159. Manifestly the question of fraudulent joinder is a question of fact, which in no way appears from the original declaration in the cause, or otherwise upon the record, except in the allegation of the petition for removal. This verified petition, alleging the fraudulent joinder in the case at bar, therefore tenders an issue to the plaintiff; but the issue appears to be in no way met by the plaintiff, in its motion to remand or otherwise, as in the motion to remand the plaintiff relies solely upon his legal rights, which may appear upon the face of the declaration or the record in the cause. In regard to a similar situation, the Circuit Court of Appeals of the Sixth Circuit, in the case of Dishon v. Cincinnati, N. O. & T. P. Ry. Co., 133 F. 471, at page 475, 66 C. C. A. 345, 349, says:

"No answer was filed; no issue in any other way was taken. The plaintiff contented himself with making a motion to remand, and which only raised a legal question, namely, whether, upon the facts stated in the petition for removal, taken in connection with the record, a case for removal was made out."

[3] That court then enters upon a discussion of the holding of various courts in the cases there cited, to the effect that, if no issue is joined upon the question of fraudu-

lent joinder, there is no question of fact before the court to be determined, and that the verified petition for removal, alleging such fraudulent joinder for the purpose of defeating the right of removal, is sufficient to sustain the charge. Upon this ground, therefore, the motion to remand must be overruled.

In the view which the court has taken upon the question of fraudulent joinder, it would seem to be unnecessary to consider the question of separable controversy, and yet it is a matter which has been so frequently before this court that an indication of the court's views for the information of future litigants might be advisable, as in such former cases, where the question has been extensively presented, situations have arisen which likewise made a decision upon the point unnecessary. In approaching this question it becomes apparent that the first matter to be considered is where to look for the rule governing joint and separable controversies. Rose on Federal Jurisdiction and Procedure (2d Ed.) at section 385, page 335, lays down the following rule:

"Whether the declaration makes out a case of joint liability of the defendants is a matter of state law, and the federal courts will not attempt to go behind the decision of the highest court of the state before whom the question would come. If by that test the cause of action is a joint one, so that the plaintiff may, in good faith, believe that he has a joint claim, it makes no difference that the resident may be pecuniarily irresponsible, and that the plaintiff's only reason for joining him is to preclude removal to the United States court. If the plaintiff has a right to sue the resident jointly with the nonresident, his motive for doing so may not be inquired into."

[4] By this we see that the pecuniary irresponsibility of the resident defendant, or the motive of the plaintiff in making the resident defendant a party, are not matters which can be inquired into. This view is supported by the case of Chicago, Rock Island & Pacific Railway Company v. Schwyhart, 227 U. S. 184, 33 S. Ct. 250, 57 L. Ed. 473. Likewise the view of this author, that the question as to whether a declaration makes it a case of joint liability, is a matter of state law, for in the Rock Island Case, supra, is found the following language on page 193 (33 S. Ct. 251):

"The joint liability of the defendants under the declaration as amended is a matter of state law, and upon that we shall not attempt to go behind the decision of the high-

est court of the state before which the question could come."

It does not appear that the Supreme Court of the state of Wyoming has passed upon the question here involved, to wit: Whether or not a joint action can be maintained against a master and servant, where the master's liability arises solely under the doctrine of respondeat superior, as is clearly the situation disclosed by the declaration in the case at bar.

Section 5593, Wyoming Compiled Statutes 1920, reads as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of a question involved therein."

Like nearly all of the sections of the Civil Practice Code of this state, this section was taken from the Ohio Civil Practice Code, where we find it in the identical form in Revised Statutes of Ohio, § 5006. The Supreme Court of Ohio, in construing the statute of that state, held that a joint action such as is found in plaintiff's declaration here could not be maintained. Clark v. Fry, 8 Ohio St. 358, 72 Am. Dec. 590; French v. Central Construction Co. et al., 76 Ohio St. 509, 81 N. E. 751, 12 L. R. A. (N. S.) 669. The earlier of these decisions was apparently rendered before Wyoming adopted this section of the Ohio statute.

Later the Circuit Court of Appeals of the Sixth Circuit, which includes the state of Ohio, twice held that the rule adopted by the Supreme Court of Ohio as to the construction of that statute was binding upon the federal courts. Galehouse v. Baltimore & Ohio Railroad Co. (D. C.) 274 F. 370; Robbins v. Pennsylvania Co., 245 F. 435, 157 C. C. A. 597. In the last-mentioned case the court, at page 437 (157 C. C. A. 599), uses the following language:

"It is claimed that the court erred in denying the motion to remand. It is enough to say of this that, if the company can be made liable under the issues and the facts presented, it is because of the relation of master and servant which existed between it and the engineer in charge of the locomotive. The injury and death occurred in Ohio, and, according to the rule of decision prevailing in the state, a joint action cannot be maintained against a master and servant where the master's liability arises solely under the doctrine of respondeat superior."

[5] The remaining matter to be determined is as to whether or not the adoption

of the section of the Ohio Code by the Legislature of the state of Wyoming carried with it the construction of the statute by the highest court of that state. The affirmative of this theory is amply supported by authority. One citation would seem to be sufficient for the general purposes of this memorandum, as the opinion carries the citation of many authorities of Federal courts, including many by the Supreme Court of the United States. This case is by the Circuit Court of Appeals of the Ninth Circuit. Jennings v. Alaska Treadwell Gold Mining Co., 170 F. 146, 95 C. C. A. 388, where at page 149 (95 C. C. A. 391) the court uses the following language:

"A statute adopted from another state, which has been construed by the highest court thereof, is presumed to be adopted with the construction thus placed upon it."

This court, therefore, feels constrained to adopt the rule for the judicial district of Wyoming concerning the statute involved here as it has been construed by the Supreme Court of the state of Ohio, at least until the Circuit Court of Appeals of this circuit or the Supreme Court of the United States shall otherwise decree, or unless the Supreme Court of the state of Wyoming shall place a different construction upon the Wyoming statute than that of the Ohio court.

It follows that upon this additional ground the motion to remand must needs be overruled. The plaintiff may be given his proper exceptions, and an order in harmony with this memorandum will accordingly be entered, allowing the defendant Chicago, Burlington & Quincy Railroad Company 30 days within which to answer or otherwise plead.