## CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY v. SCHWYHART.

ERROR TO THE KANSAS CITY COURT OF APPEALS OF THE STATE OF MISSOURI.

No. 132.   Argued January 21, 22, 1913.—Decided February 3, 1913.

Whether there was a joint liability of defendants sued jointly for negligence is a matter of state law and this court will not go behind the decision of the highest court of the State to which the question can go. *Southern Railway Co.* v. *Miller*, 217 U. S. 209.

The motive of the plaintiff in joining defendants taken by itself, does not affect the right to remove. If there is a joint liability he has a right to enforce it, whatever his reason may be. *Chicago, Burlington & Quincy Ry. Co.* v. *Willard*, 220 U. S. 413.

The fact that the resident defendant joined in a suit with a rich non-resident corporation is poor does not affect the case, if the cause of action against them actually be joint.

Whether or not a cause of action was stated against the resident defendant is a question of state law, and where the verdict went against that defendant and was affirmed by the highest court of the State to which it could go, this court takes the fact as established.

The fact that the declaration was amended after the petition to remove had been denied *held* immaterial where, as in this case, it merely made the original cause of action more precise.

On the question of removal this court need not consider more than whether there was a real intention to get a joint judgment, and whether the record showed colorable ground for it when the removal was denied.

145 Mo. App. 332, affirmed.

THE facts, which involve the right of separate removal by a non-resident railway company sued jointly with a resident defendant by an employé for damages for negligence, are stated in the opinion.

*Mr. Paul E. Walker*, with whom *Mr. F. C. Dillard* was on the brief, for plaintiffs in error:

The question for determination in this case is whether the petition for the removal of the suit to the United States court should have been allowed.

The controversy between the plaintiff below and the removing defendant was separable.

No cause of action was stated against either of the resident defendants. *Atlantic Coast Line R. Co.* v. *Bailey*, 151 Fed. Rep. 891; *Central Railroad Co.* v. *Keegan*, 160 U. S. 259; *Cincinnati, N. O. & T. P. Ry. Co.* v. *Robertson*, 115 Kentucky, 858; *Davis* v. *Chesapeake & O. Ry. Co.*, 116 Kentucky, 144; *Gustafson* v. *Chicago, R. I. & P. Ry. Co.*, 128 Fed. Rep. 85; *Nelson* v. *Hennessey*, 33 Fed. Rep. 113;

*Potter* v. *New York Central R. R. Co.*, 136 N. Y. 77; *Slaughter* v. *Nashville & St. L. Ry. Co.*, 91 S. W. Rep. 744; *Schwyhart* v. *Barrett*, 145 Mo. App. 332.

The statute of Missouri prohibited the joinder of the several causes of action. *Barnes* v. *Metropolitan Ry. Co.*, 119 Mo. App. 303; *Blackmer Pipe Co.* v. *Mobile & O. R. Co.*, 137 Mo. App. 497; *Beattie Mfg. Co.* v. *Gerardi*, 166 Missouri, 142; *Enos* v. *Kentucky Distilleries Co.*, 189 Fed. Rep. 342; *Fernandez* v. *La Mothe*, 147 Mo. App. 644; *Gardner* v. *Robertson*, 208 Missouri, 605; *Hunter* v. *Wethington*, 205 Missouri, 284; *Illinois Central R. Co.* v. *Sheegog*, 215 U. S. 308; *Liney* v. *Martin*, 29 Missouri, 28; *Mann* v. *Doerr*, 222 Missouri, 1; *Martinowsky* v. *Hannibal*, 35 Mo. App. 70; *Mertens* v. *Loenberg*, 69 Missouri, 208; *M'Allister* v. *Chesapeake & O. Ry. Co.*, 198 Fed. Rep. 660; *Nicholas* v. *Chesapeake & O. Ry. Co.*, 195 Fed. Rep. 913; *O'Riley* v. *Diss*, 48 Mo. App. 62; *Scott* v. *Taylor*, 231 Missouri, 654; *Southworth* v. *Lamb*, 82 Missouri, 242.

The removing defendant was liable, if at all, under the terms of a Missouri statute; the resident defendants were liable, if at all, only under the rules of the common law. The causes of action were therefore separable. *Alaska Mining Co.* v. *Whelan*, 168 U. S. 86; *Baltimore & O. R. Co.* v. *Baugh*, 149 U. S. 368; *Butler* v. *Grand Trunk Ry. Co.*, 224 U. S. 85; *Central R. Co.* v. *Keegan*, 160 U. S. 259; *Chi., R. I. & P. Ry. Co.* v. *Stepp*, 151 Fed. Rep. 908; *Henry* v. *Ill. Cent. R. Co.*, 132 Fed. Rep. 715; *Jackson* v. *Chi., R. I. & P. Ry. Co.*, 178 Fed. Rep. 432; *Lockard* v. *St. Louis & S. F. R. Co.*, 167 Fed. Rep. 675; *Martin* v. *Atchison, T. & S. F. R. Co.*, 166 U. S. 399; *Nor. Pac. Ry. Co.* v. *Hambly*, 154 U. S. 349; *Nor. Pac. Ry. Co.* v. *Peterson*, 162 U. S. 346; *Nor. Pac. Ry. Co.* v. *Dixon*, 194 U. S. 338; *New England R. Co.* v. *Conroy*, 175 U. S. 323; *Prince* v. *Ill. Cent. R. Co.*, 98 Fed. Rep. 1; *Swartz* v. *Siegel*, 117 Fed. Rep. 13; *St. Paul & M. Ry. Co.* v. *Sage*, 71 Fed. Rep. 40; *Tex. & Pac. Ry. Co.* v. *Bourman*, 212 U. S. 536; *Union Pac. Ry. Co.* v.

*Wyler,* 158 U. S. 285; *Webber* v. *St. Paul City Ry. Co.,* 97 Fed. Rep. 140.

Under the decisions of the Missouri courts the defendants were not jointly liable to the plaintiff. *McHugh* v. *St. Louis Transit Co.,* 190 Missouri, 85; *Stanley* v. *Union Depot Ry. Co.,* 114 Missouri, 606; *State* v. *Mossman,* 231 Missouri, 474; *Veariel* v. *United Engineering Co,,* 197 Fed. Rep. 877.

The resident defendants were charged solely with acts of nonfeasance, and under the decision of the Missouri courts, were not personally liable. The only controversy in the petition was between the plaintiff and the removing defendant. *American Bridge Co.* v. *Hunt,* 130 Fed. Rep. 302; *Bell* v. *Catesby,* Roel, Abr. 78, pl. 20; *Bryce* v. *Southern Ry. Co.,* 125 Fed. Rep. 958; *Cameron* v. *Reynolds,* 1 Comp. 403; *Chi., R. I. & P. Ry. Co.* v. *Gustafson,* 128 Fed. Rep. 85; *Chi., R. I. & P. Ry. Co.* v. *Stepp,* 151 Fed. Rep. 908; *Clark* v. *Chi., R. I. & P. Ry. Co.,* 194 Fed. Rep. 505; *Davenport* v. *Southern Ry. Co.,* 124 Fed. Rep. 983, and 135 Fed. Rep. 960; *Ewell's Evans on Agency,* p. 438; *Feltus* v. *Swan,* 62 Mississippi, 415; *Floyt* v. *Shenango Furnace Co.,* 186 Fed. Rep. 539; *Henshaw* v. *Noble,* 7 Oh. St. 226; *Horner* v. *Lawrence,* 37 N. J. L. 46; *Jewell* v. *Kansas City Bolt Co.,* 231 Missouri, 176; *Kelly* v. *Chi. & Alt. R. Co.,* 122 Fed. Rep. 286; *Lane* v. *Cotton,* 12 Mod. 488; *Marsh and Astrey's Case,* 1 Leon. 146; *Murray* v. *Usher,* 117 N. Y. 542; *McGinnis* v. *Chi., R. I. & P. Ry. Co.,* 200 Missouri, 347; *Prince* v. *Ill. Cent. R. Co.,* 98 Fed. Rep. 1; *Scheller* v. *Silbermintz,* 98 N. Y. Supp. 230; *Story on Agency,* 9th ed., § 308; *Steinhauser* v. *Spraul,* 127 Missouri, 541; *Shaffer* v. *Union Brick Co.,* 128 Fed. Rep. 97; *Southern Railway Co.* v. *Miller,* 217 U. S. 209.

The decisions of this court do not establish principles in conflict with the contentions of the plaintiffs in error. *Alabama Great Southern Ry. Co.* v. *Thompson,* 200 U. S. 206; *Ches. & O. Ry. Co.* v. *Dixon,* 179 U. S. 131; *Chi., B.*

& Q. R. Co. v. Willard, 220 U. S. 413; Chi., R. I. & P. Ry. Co. v. Martin, 178 U. S. 245; Cin., N. O. & T. P. Ry. Co. v. Bohon, 200 U. S. 221; East Tenn., V. & G. R. Co. v. Grayson, 119 U. S. 240; Ill. Cent. R. Co. v. Sheegog, 215 U. S. 308; Johnson v. St. Joseph Terminal Ry. Co., 203 Missouri, 381; Lanning v. Chicago G. W. Ry. Co., 196 Missouri, 647; Little v. Giles, 118 U. S. 596; Louisville & N. R. Co. v. Ide, 114 U. S. 52; Louisville & N. R. Co. v. Wangelin, 132 U. S. 599; Pirie v. Tvedt, 115 U. S. 41; Plymouth Mining Co. v. Amador Canal Co., 118 U. S. 264; Powers v. Ches. & O. Ry. Co., 169 U. S. 92; Sloane v. Anderson, 117 U. S. 275; Southern Ry. Co. v. Carson, 194 U. S. 136; Southern Ry. Co. v. Miller, 217 U. S. 209; Stone v. South Carolina, 117 U. S. 430; Stotler v. Chi. & Alt. Ry. Co., 200 Missouri, 107; Torrence v. Shedd, 144 U. S. 527; Whitcomb v. Smithson, 175 U. S. 635.

The allegations of fact contained in the petition for removal were matters for the exclusive determination of the Federal court. Burlington, C. R. & N. Ry. Co. v. Dunn, 122 U. S. 513; Carson v. Hyatt, 118 U. S. 279; Ches. & O. Ry. Co. v. McCabe, 213 U. S. 207; Crehore v. Ohio & Miss. Ry. Co., 131 U. S. 240; Ill. Cent. R. Co. v. Sheegog, 215 U. S. 308; Kansas City &c. Co. v. Daughtry, 138 U. S. 298; Kansas City Belt Ry. Co. v. Herman, 187 U. S. 63; Louisville & N. R. Co. v. Wangelin, 132 U. S. 599; Madisonville Traction Co. v. Mining Co., 196 U. S. 239; Schwyhart v. Barrett, 145 Mo. App. 332; Stone v. South Carolina, 117 U. S. 430; Tex. & Pac. Ry. Co. v. Eastin, 214 U. S. 153; Wecker v. National Enameling Co., 204 U. S. 176.

Apart from the allegations of negligence with which the resident defendants were charged, the petition contained another and distinct controversy between the plaintiff and the removing defendant. Adderson v. Southern Ry. Co., 177 Fed. Rep. 571; Barney v. Latham, 103 U. S. 205; Batey v. Nashville, C. & St. L. Ry. Co., 95 Fed. Rep. 368; Beuttel

v. *Chicago, M. & St. P. Ry. Co.*, 26 Fed. Rep. 50; *Boatmen's Bank* v. *Fritzlen*, 135 Fed. Rep. 650; *S. C.*, 212 U. S. 364; *Chicago & A. Ry. Co.* v. *New York, L. E. & N. R. Co.*, 24 Fed. Rep. 516; *Connell* v. *Smiley*, 156 U. S. 335; *Elkins* v. *Howell*, 140 Fed. Rep. 157; *Fergason* v. *Chicago, M. & St. P. Ry. Co.*, 63 Fed. Rep. 177; *Fraser* v. *Jennison*, 106 U. S. 191; *Geer* v. *Mathieson Alkali Works*, 190 U. S. 428; *Gudger* v. *Western N. C. R. Co.*, 21 Fed. Rep. 81; *Gustafson* v. *Chicago, R. I. & P. Ry. Co.*, 128 Fed. Rep. 85; *Harter* v. *Kernochan*, 103 U. S. 562; *Hartshorn* v. *Atchison, T. & S. F. R. Co.*, 77 Fed. Rep. 9; *Henry* v. *Ill. Cent. R. Co.*, 132 Fed. Rep. 715; *McGuire* v. *G. Nor. R. Co.*, 153 Fed. Rep. 434; *Nichols* v. *Ches. & O. Ry. Co.*, 195 Fed. Rep. 913; *Southern Ry. Co.* v. *Edwards*, 115 Georgia, 1022; *Wheeling Creek Gas Co.* v. *Elder*, 170 Fed. Rep. 215.

For other decisions of this court considering the separable controversy provisions of the removal act, see *Balsley* v. *St. Louis, A. & T. H. R. Co.*, 119 Illinois, 68; *Central of Ga. Ry. Co.* v. *Brown*, 113 Georgia, 414; *Chicago & E. R. Co.* v. *Meech*, 163 Illinois, 305; *Chicago & G. T. Ry. Co.* v. *Hart*, 209 Illinois, 414; *Chicago & W. I. R. Co.* v. *Newell*, 212 Illinois, 332; *McCabe's Admx.* v. *Maysville & Big Sandy R. Co.*, 112 Kentucky, 861; *Murray* v. *Cowherd*, 147 S. W. Rep. 6; *Pennsylvania Co.* v. *Ellet*, 132 Illinois, 654; *Schumfert* v. *Southern Ry. Co.*, 65 So. Car. 332; *Southern Ry. Co.* v. *Grizzle*, 124 Georgia, 735, *Southern Ry. Co.* v. *Miller*, 57 S. E. Rep. 1090; *Williard* v. *Spartanburg, U. & C. R. Co.*, 124 Fed. Rep. 796; *Winston's Admr.* v. *Illinois Central R. Co.*, 111 Kentucky, 954.

*Mr. Kendall B. Randolph* and *Mr. Boyd Dudley*, with whom *Mr. J. A. Selby* was on the brief, for defendant in error:

This case is not removable. The state court properly retained jurisdiction. *Railroad Co.* v. *Dixon*, 179 U. S. 131;

*Railroad Co.* v. *Thompson,* 200 U. S. 206; *Railroad Co.* v. *Bohn,* 200 U. S. 221; *Southern Ry. Co.* v. *Miller,* 217 U. S. 209; *Chicago, B. & Q. R. Co.* v. *Willard,* 220 U. S. 413.

The right of removal is wholly statutory and the state court is not ousted of its jurisdiction unless the cause is properly removable. *Hanford* v. *Davis,* 163 U. S. 273; *Bors* v. *Preston,* 111 U. S. 252; *Mansfield* v. *Swan,* 111 U. S. 379; *Grace* v. *Ins. Co.,* 109 U. S. 278; *Steamship Co.* v. *Tugman,* 106 U. S. 118; *Alabama Grt. So. Ry. Co.* v. *Thompson,* 200 U. S. 206; *Southern Ry. Co.* v. *Carson,* 194 U. S. 138.

All doubts are to be resolved in favor of the jurisdiction of the state court. *Mexican Nat. Ry. Co.* v. *Davidson,* 157 U. S. 208; *Hanrick* v. *Hanrick,* 153 U. S. 192; *Shaw* v. *Quincy Mineral Co.,* 145 U. S. 444.

The necessary jurisdictional facts must appear on the face of the pleadings to justify a removal. 18 Enc. Plead. & Prac. 297, and cases cited in Note 11.

The question as to whether there is a separable controversy is to be determined by the condition of the record in the state court, and the facts necessary to give jurisdiction to the Federal court must appear upon the face of the plaintiff's petition. The petition for removal cannot supply same unless fraud be sufficiently and specifically averred and proved. *Arkansas* v. *Kans. & Tex. Coal Co.,* 183 U. S. 189; *Mountview Co.* v. *McFaddin,* 180 U. S. 535; *Alabama & G. S. Ry. Co.* v. *Thompson,* 200 U. S. 206; *Central R. R.* v. *Mills,* 113 U. S. 257; *Tennessee* v. *Union Bank,* 152 U. S. 460; *Chicago, B. & Q. R. Co.* v. *Willard,* 220 U. S. 413.

The allegations of the petition of the plaintiff below are taken as confessed in determining whether the controversy is separable on application for removal. *L. & N. Railway Co.* v. *Wangelin,* 132 U. S. 602; *Railway Co.* v. *Grayson,* 119 U. S. 240; *Railway Co.* v. *Thompson,* 200 U. S. 206.

In the car at bar the allegations of fraud in the petition for removal are insufficient and present no issuable fact. *Little York Gold Co.* v. *Keys*, 96 U. S. 199; *Provident Savs. Bank* v. *Ford*, 114 U. S. 635; *Louisville Ry. Co.* v. *Wangelin*, 132 U. S. 599; *Chesapeake Ry. Co.* v. *Dixon*, 179 U. S. 131; *Carson* v. *Dunham*, 121 U. S. 421; *Chicago, B. & Q. R. Co.* v. *Willard*, 220 U. S. 426; *Plymouth Con. Min. Co.* v. *Amador Canal Co.*, 118 U. S. 264; *St. L. & T. Ry. Co.* v. *McBride*, 141 U. S. 127; *Railway Co.* v. *Thompson*, 200 U. S. 206. *Wecker* v. *National Enameling Co.*, 204 U. S. 176; *Donovan* v. *Wells, Fargo & Co.*, 169 Fed. Rep. 363, *Dixon, Bohon, Willard* and other cases cited distinguished.

In the interpretation of state statutes the United States courts are bound by the decisions of the state court of last resort, and will form an independent judgment as to their meaning, only when no such construction has been had. *Town of Enfield* v. *Jordan*, 119 U. S. 680; *Bank* v. *Pennsylvania*, 167 U. S. 461; *Hartford Ins. Co.* v. *R. R. Co.*, 175 U. S. 91; *McCain* v. *DesMoines*, 174 U. S. 177; *Orr* v. *Gilman*, 183 U. S. 283; *Sioux City R. R. Co.* v. *N. A. Trust Co.*, 173 U. S. 107.

There is no merit in the contention that the petition fails to state a cause of action against defendants, Reed and Barrett, and that therefore the cause is removable.

No question of pleading can arise and be determined in removal proceedings. Any question as to the sufficiency of the petition is a question on the merits to be determined by the court which tries the case. Even if no cause of action were stated, that would furnish no ground for removal and would in no wise affect the jurisdiction of the state courts. *St. Louis & San Francisco Ry.* v. *McBride*, 141 U. S. 127. See also *Hax* v. *Saspar*, 31 Fed. Rep. 499; *Evans* v. *Fulton*, 96 Fed. Rep. 176; *Broadway Ins. Co.* v. *Ry.*, 101 Fed. Rep. 507; *Fogarty* v. *Railroad*, 123 Fed. Rep. 973; *Railroad* v. *McBride*, 141 U. S. 127; *Thomas* v. *G. N. Ry.*

*Co.*, 147 Fed. Rep. 83, 86; *Broadway Ins. Co.* v. *Railway Co.*, 101 Fed. Rep. 510. ·

Plaintiffs in error, Barrett and Reed, were vice-principals. Rev. Stat. Missouri, § 5435. ·

Plaintiff in error, Railway Company, waived its petition for removal by filing a separate demurrer to the petition of the plaintiff below, before any order was made by the state court with reference to the petition for removal.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries brought by Schwyhart against the railway company and those of its servants to whose immediate negligence the injuries were alleged to have been due. There was a verdict and judgment against the company and the defendant Barrett, but at the proper time a petition had been filed by the railway company for the removal of the action to the Circuit Court of the United States, and it now contends that all subsequent proceedings in the state courts were void. 145 Mo. App. 332.

The declaration alleged that the plaintiff was employed by the company as hostler under Barrett as foreman; that it was his duty under Barrett's direction to uncouple the air brake and signal hose from between the ends of the cars on a specified train; that Barrett ordered him to do so, and that while he was between the cars, owing to their proceeding in an unusual manner that is stated, he was crushed; and further that Barrett negligently ordered him into the dangerous situation without giving him warning of the danger, and by his order and presence assured the plaintiff that the work could be proceeded with safely, when by the exercise of ordinary care on Barrett's part the injury could have been avoided. After the petition

for removal had been overruled the declaration was amended by inserting as to Barrett 'although he well knew of plaintiff's danger and the unusual way by which the said Pullman car was to be switched.'

The defendants other than the railway were residents of Missouri, and the petition for removal charged that they were joined for the sole and fraudulent purpose of preventing a removal. The grounds stated for the charge of fraudulent joinder were that the declaration disclosed no cause of action against those defendants, that the company and they were not jointly liable, and that they were persons of little or no property, while the company was fully able to pay. It will be sufficient to consider these grounds with reference to Barrett alone, the party that ultimately was held.

The joint liability of the defendants under the declaration as amended is a matter of state law, and upon that we shall not attempt to go behind the decision of the highest court of the State before which the question could come. *Southern Ry. Co.* v. *Miller*, 217 U. S. 209, 215, 216. That court might hold that the declaration averred the plaintiff to have been led by Barrett into a trap that was set and snapped by the company, the latter being also liable for Barrett's share in the deed. Again, the motive of the plaintiff, taken by itself, does not affect the right to remove. If there is a joint liability he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right. *Chicago, Burlington & Quincy Ry. Co.* v. *Willard*, 220 U. S. 413, 427. *Illinois Central R. R. Co.* v. *Sheegog*, 215 U. S. 308, 316. Hence the fact that the company is rich and Barrett poor does not affect the case.

The remaining justification for the charge of fraudulent intent is that no cause of action was stated against Barrett. That again is a question of state law, and that the plaintiff had such a cause of action in fact must be taken

now to be established. The suggestion that mere non-feasance is alleged is shown to be unfounded by the statement that we have made. It is true that the declaration was amended after the petition to remove had been denied, but the amendment if not unnecessary merely made the original cause of action more precise. On the question of removal we have not to consider more than whether there was a real intention to get a joint judgment and whether there was a colorable ground for it shown as the record stood when the removal was denied. We are not to decide whether a flaw could be picked in the declaration on special demurrer. As the record stood Barrett was alleged negligently to have ordered the plaintiff into a dangerous place and by his conduct to have assured the plaintiff of safety, when if Barrett had used ordinary care the plaintiff need not have been hurt. To add that Barrett knew the specific source of the danger is merely to make plainer what evidently was meant before.

*Judgment affirmed.*