HOUGH v. SOCIÉTÉ ELECTRIQUE WESTINGHOUSE DE RUSSIE et al.

(District Court, S. D. New York.    March 6, 1916.)

1. CITIZENS ⬤⫸11—CITIZENSHIP OF UNITED STATES AND OF THE SEVERAL STATES.

One may be a citizen of the United States, and yet not a citizen of any state.

[Ed. Note.—For other cases, see Citizens, Cent. Dig. § 18; Dec. Dig. ⬤⫸11.]

2. REMOVAL OF CAUSES ⬤⫸26—GROUNDS—DIVERSITY OF CITIZENSHIP.

Under Judicial Code (Act March 3, 1911, c. 231) § 24, 36 Stat. 1091 (Comp. St. 1913, § 991), giving the District Court jurisdiction over actions between citizens of different states, and section 28 (section 1010), providing for the removal of causes of which the District Courts have original jurisdiction which may be brought in the courts of a state, a citizen of the United States, who resides in a foreign country and is not a citizen of any state, cannot remove an action brought against him in a state court, since no case may be removed on that ground unless the defendants are citizens of some state other than the plaintiff.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60-63; Dec. Dig. ⬤⫸26.]

3. REMOVAL OF CAUSES ⬤⫸36—RIGHT TO REMOVE—FRAUDULENT JOINDER TO PREVENT REMOVAL.

To establish fraudulent joinder of a citizen to prevent removal to the federal court, it must be shown that plaintiff could not reasonably suppose that relief could be given; it not being sufficient that plaintiff's motive was to prevent removal, if he supposed he had an honest chance to procure a judgment against the joined defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. ⬤⫸36.]

4. REMOVAL OF CAUSES ⬤⫸36—RIGHT TO REMOVE—VIOLATION OF CONSTITUTION.

The fact that the state courts could give no judgment against a defendant, alleged to have been joined to prevent removal, except in violation of the fourteenth amendment, does not entitle defendant to removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. ⬤⫸36.]

⬤⫸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. REMOVAL OF CAUSES ⊜⇒89(2)—DETERMINATION OF QUESTIONS—FRAUDULENT JOINDER OF DEFENDANTS.

The question whether a defendant was fraudulently joined to prevent removal is a question for the federal court alone.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 192–195, 197; Dec. Dig. ⊜⇒89(2).]

6. REMOVAL OF CAUSES ⊜⇒36—FRAUDULENT JOINDER OF DEFENDANT—REASONABLE GROUNDS.

Where a corporation was organized under foreign laws which permitted the appointment of a liquidator with powers limited by the stockholders, and a resolution of the stockholders authorized the liquidator to undertake all proceedings, as well as all legal suits, to represent the company in suits between itself and third persons, and to fulfill all necessary formalities under the laws of other countries, there was, under all the circumstances, reasonable ground for plaintiff to believe that he would be in a better position if he secured a judgment against the liquidator, as well as against the foreign corporation, so that it cannot be held that the liquidator was fraudulently joined to prevent removal of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. ⊜⇒36.]

At Law. Action by David L. Hough against the Société Electrique Westinghouse de Russie and another, originally brought in the Supreme Court of the state of New York. On plaintiff's motion to remand, after removal of the cause to the United States District Court, and defendants' motion to dismiss the action. Motion to remand granted, and motion to dismiss itself dismissed for lack of jurisdiction.

This is an action originally brought in the Supreme Court of the state of New York against a French corporation doing business in Russia and Robert H. McCarter, who was appointed its liquidator by resolution of the shareholders at a general meeting held in the city of Paris on the 30th day of June, 1913. At the proper time the defendants filed a petition for removal in the state court, with the necessary bond, setting forth that the action had been commenced on the 27th of January, 1915, by service of the summons upon the defendant McCarter, the liquidator of the corporation, at 71 Broadway, in the city of New York, and that thereafter, on the 8th day of March, 1915, a copy of the verified complaint was served upon the attorneys for the defendant, who had appeared specially for the purpose of removing and dismissing. The petition then alleged that the controversy was between the plaintiff, who was a citizen of New York, the defendant company, and McCarter, who was a citizen of the United States, resident in the city of London, and that the allegation in the complaint that McCarter was a citizen of the state of New York was false and fraudulent. The petition likewise alleged that the cause of action was for breach of a contract entered into in Russia between the plaintiff and the defendant company through McCarter, who was then its president; that the corporation still existed and had not been dissolved; that McCarter, as its liquidator, had no title to the assets; that the company had no assets in the state of New York, and had never transacted any business there, and that under the laws and customs of France the function and powers of McCarter as liquidator were simply those of an attorney in fact or general agent, to collect the assets, pay the debts, and wind up the affairs; that McCarter was acting in pursuance of the resolution aforesaid, and not under any statute or common law of the republic of France. The petition further alleged that the plaintiff had fraudulently and improperly joined McCarter as liquidator for the sole purpose of preventing removal to this court, and that the plaintiff in the complaint did not set forth facts sufficient to constitute a cause of action against McCarter as liquidator, who was there-

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fore not a necessary or proper party, the controversy being wholly between the plaintiff and the French corporation.

The order of removal was made in the state court. The plaintiff moves to remand the case to the Supreme Court, and the defendants to dismiss the suit against both defendants—against the corporation on the ground that no jurisdiction could be acquired over it, and against the defendant McCarter upon the ground that as liquidator, in which capacity alone he is joined, no cause of action is shown against him. In support of both motions the parties submitted extended affidavits relating to the law of France, designed to show that the defendant McCarter, as liquidator, could or could not be sued outside the republic of France and that the service was therefore void.

Charles K. Carpenter, of New York City, for plaintiff.

M. W. Wynne and H. E. Chapin, both of New York City, for defendants.

LEARNED HAND, District Judge (after stating the facts as above). [1, 2] The first question to be considered is the motion to remand, for if that should be granted this court has no jurisdiction to pass on the question of the validity of the service against McCarter. McCarter's testimony shows that he is a citizen of the United States, and alleges that he resides in London, England; that he came to New York shortly after the outbreak of the Great War, and is now temporarily sojourning in New York on that account. He does not rest his right of removal upon the fact that he is a citizen of any of the states, for the record is barren of any evidence upon that score. One may be a citizen of the United States, and yet not be a citizen of any state. The Slaughter House Cases, 16 Wall. 36, 74, 21 L. Ed. 394. Yet, under sections 24 and 28 of the Judicial Code, no case may be removed, unless the defendants are citizens of some other state than the plaintiff. As the citizenship in another state of McCarter has not been shown, and as the jurisdiction of this court must be proved, the motion to remand must be disposed of in precisely the same way as though he was in fact a citizen of New York, of which the plaintiff is a citizen.

[3] Therefore the motion to remand is good, unless McCarter can show that he has been joined with the fraudulent purpose of preventing a removal into this court. Upon this issue he must show more than that no relief can be granted against him in the state court; he must show that the plaintiff could not reasonably suppose that no such relief could be given. If so, it would necessarily follow that the joinder was fraudulent; but it is irrelevant that the plaintiff's motive was to prevent removal, provided he supposed that he had an honest chance to procure judgment against McCarter. Chicago, R. I. & P. Ry. v. Schwyhart, 227 U. S. 184, 33 Sup. Ct. 250, 57 L. Ed. 473.

[4] Nor does it make a different case, even though it appeared that the state court could give no judgment against McCarter, except in violation of the fourteenth amendment, because the right to remove rests wholly on diversity of citizenship, and if the fourteenth amendment does protect McCarter, he may raise it in the state court, and, if it is disregarded, prosecute his writ of error to the Supreme Court, where he will be protected. Riverside, etc., Mills v. Menefee, 237 U. S. 189, 35 Sup. Ct. 579, 59 L. Ed. 910.

[5] Hence the sole question, which is a question of fact for this court alone (Ches. & Ohio Ry. v. Cockrell, 232 U. S. 146, 153, 34 Sup. Ct. 278, 58 L. Ed. 544; Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757), is whether McCarter has shown that the plaintiff had no "real intention to get a joint judgment" and that there was no "colorable ground for it shown" (Chicago, R. I. & P. Ry. v. Schwyhart, supra, 227 U. S. 194, 33 Sup. Ct. 250, 57 L. Ed. 473); that is, whether the joinder "was without any reasonable basis" (Ches. & Ohio Ry. v. Cockrell, supra, 232 U. S. 153, 34 Sup. Ct. 278, 58 L. Ed. 544).

Therefore the precise character of a liquidation under the French law is only indirectly involved; that is, only so far as to see whether the plaintiff could honestly suppose that he could get some relief against McCarter upon personal service made here. That is a question of state law. Chicago, R. I. & Pac. Ry. v. Schwyhart, supra; Chicago, R. I. & Pac. Ry. v. Whiteaker, 239 U. S. 421, 36 Sup. Ct. 152, 60 L. Ed. ——. I shall assume that the petition of removal is sufficient upon its face, since it sets forth the basis of its conclusion, and I shall proceed directly to the merits of the issue joined.

The decision of the Supreme Court in Riverside, etc., Mills v. Menefee, supra, destroys any possible use for the joinder of McCarter as liquidator, since the state court must in any case dismiss as against the defendant corporation; but it does not avoid the necessity of deciding whether the joinder was fraudulent when made, because the decision was rendered after this action was commenced.

[6] Some consideration is therefore still necessary of the powers of a liquidator, appointed as he was by a French corporation, at least to the extent of learning whether the plaintiff had any reasonable chance of success against him. Both sides agree that such a liquidator is limited by the powers which the stockholders give him, if they give him specific powers. The resolution appointing McCarter provided, among other things, that he might undertake all "proceedings," as well as all legal suits, might represent the company in suits between itself and third persons, as well as in all other public or private "administration" (whatever that may mean), and might fulfill all necessary formalities under the laws of all other countries. The language is certainly not clear, and I am by no means sure what construction another court would be disposed to put upon it. That they might say that McCarter had authority to appear here for the company seems to me almost certain. That his powers so to represent the company in all litigations might subject him to an involuntary suit elsewhere than in France is a question not without doubt. It may possibly be that the power ought to be construed as only intended to allow his voluntary appearance elsewhere as a defendant, but I should be unwilling to say that there was no color for a broader construction. The resolution at the outset states that McCarter is to have the most extended powers accorded by the laws and customs of commerce, and there is much evidence that these include a liability to service, at least in France. While, on the other hand, there is no evidence whether such liability extends under the law of France to suits outside of France,

I ought not assume that the courts of New York will certainly say that it does not, and surely not that the plaintiff does not believe so.

In a case so doubtful, where the validity of a judgment against the corporation would at best have been of very doubtful validity extra-territorially, even before Riverside, etc., Mills v. Menefee, supra, I should suppose that the plaintiff might well think his case would stand better if he got judgment in addition against the liquidator. I believe that to be the fact, though how far he will succeed I cannot tell. Even if I thought that judgment certainly valueless elsewhere, it would make no difference, unless I thought in addition that the state courts would not grant it for such effect as it might have.

Motion to remand granted.

Motion to dismiss itself dismissed for lack of jurisdiction, but of course without prejudice.