NATIONAL ASS'N OF PERFORMING ARTISTS v. WM. PENN BROADCASTING CO. et al.
Civil Action No. 939.

District Court, E. D. Pennsylvania.
April 25, 1941.

532

Herbert A. Speiser and Speiser & Speiser, all of Philadelphia, Pa., for plaintiff.

Philip Werner Amram and Wolf, Block, Schorr & Solis-cohen, all of Philadelphia, Pa., for defendants.

BARD, District Judge.

This case comes before the court at this time on plaintiff's motion to remand to the Common Pleas Court of Philadelphia County, Pennsylvania, from which court it was removed on the application of the defendant, Wm. Penn Broadcasting Company.

The plaintiff's bill in equity alleges that the defendant Wm. Penn Broadcasting Company owns and operates a radio station; that the other defendants contracted with the management of this station for advertisement of the business of these other defendants; and that on programs advertising these businesses, phonograph records, made by members of the plaintiff association, were played and broadcast without permission of plaintiff and in violation of the property rights of the plaintiff.

The particular relief sought in the bill is an injunction restraining all defendants from using or causing to be used any phonograph records embodying renditions, interpretations and performances of any member or members of the plaintiff, for radio broadcast or any other commercial use without the consent or permission of the plaintiff. The bill concludes with the customary plea for further relief as may seem just and proper.

Defendants Wm. Penn Broadcasting Company and P. B. White Co., Inc., are corporations organized and existing under the laws of the State of Delaware. The other defendants are Pennsylvania corporations or individual residents of Pennsylvania.

In its petition for removal, the Wm. Penn Broadcasting Company alleged that the action involves a controversy solely between the plaintiff and it, and that the other defendants were improperly joined to prevent removal of the cause. After argument had, the petition for removal was granted by the State court.

Pursuant to its position that the suit does not involve a controversy solely between the Wm. Penn Broadcasting Company and the plaintiff, one within the jurisdiction of a federal court, the plaintiff has moved that the action be remanded to the State court. The plaintiff contends that all of the defendants are involved in the controversy.

Testimony was taken before the court to enable determination of the relationship of the defendant advertisers to the defendant station and to the programs during which their businesses were advertised. In the light of this evidence it appears that none of the defendant advertisers had the right to or did exercise any control over the determination of what records were to be played. Those who designated particular programs during which their advertisements were to be read knew the nature of the entertainment broadcast or the program in which they participated. The other, who contracted for announcements at particular times between programs or at times chosen by the radio station, did not participate in any manner, and usually had no interest in or concern for the character of the programs at, before, or after the time its advertisements were read. None contracted for a particular period during which it could determine the nature or identity of entertainment broadcast, and admittedly none had any control whatever over the program preceding or following their announcements. In other words, choice and playing of the records were in all cases controlled exclusively by the defendant station.

The plaintiff urges that, assuming an utter lack of control by the defendant advertisers over the defendant station's selection and execution of programs, it does not necessarily follow that the complaint fails to state a claim against the defendant advertisers. This proved lack of control, it is argued, does not determine the complaint to be legally insufficient.

It is well settled, under the pertinent law, that a performer, who makes a phonograph record and causes to be affixed thereto a notice, of a restriction that it is not licensed for commercial radio broadcast, may restrain the use of such by a radio station. Waring v. WDAS Station, Inc., 327 Pa. 433, 194 A. 631. Whether this restraint can be extended to an advertiser who has and exerts no control over the conduct of the broadcasts during or between which advertising announcements, with no relation to the broadcast entertainment, are read, appears to be a question upon which there has been no illumination.

The plaintiff contends that this is a doubtful question, one that might, on trial, be resolved in its favor. It further contends that, on the instant motion, this court should not determine doubtful questions of law, that such must be tried in the court which has jurisdiction. In this latter contention, the plaintiff is supported by authority. Chicago, R. I. & Pac. Ry. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Locke v. St. Louis-San Francisco Ry. Co., 8 Cir., 87 F.2d 418; Ervin v. Texas Co., 8 Cir., 97 F.2d 806. However, I am decided that the restraint applied in the Waring case, supra, cannot be extended to the instant defendant advertisers, and that, therefore, there is no doubtful question which might be resolved in the plaintiff's favor.

Inasmuch as the defendant advertisers have not exercised, threatened to exercise or had the power to exercise any control over the acts of the station in playing records, I am decided there has not been, is not now, and does not promise to be, any violation of the plaintiff's property rights by the defendant advertisers. I am, therefore, altogether unable to define any basis upon which an injunction could issue restraining the defendant advertisers.

Furthermore, it is difficult to forecast any practical value in or effect of an injunction restraining·the defendant advertisers from broadcasting or causing to be broadcast records of plaintiff's members. The advertisers have no voice in the selection of records to be played and exercise no control over the playing of records. It follows, then, that any such injunction would be a practical nullity; it would enjoin the defendant advertisers from doing something they were powerless to do in any event. Furthermore, if the plaintiff is entitled to relief, an injunction against the broadcasting company would protect it fully.

The claim of joint liability appears clearly unsound, without colorable grounds and, therefore, insupportable. Something other than the mere relation of advertiser and station operator must exist to support an action against the advertising defendants for violation of the plaintiff's property rights by programs broadcast by the station. I am decided that the bill states a claim solely against the Wm. Penn Broadcasting Company.

The motion therefore must be and hereby is denied.