J. Hal JONES; A. J. Halbrook; Eunice Lovell; Howell Johnson; and E. H. Sonneman, for the Use and Benefit of taxpayers of Washington County, Arkansas, Plaintiffs,

v.

A. B. CAPERS, d/b/a A. B. Capers Company; A. B. Capers Company, Inc.; and Hartford Accident & Indemnity Company, Defendants.

Civ. A. No. 382.

United States District Court · W. D. Arkansas, Fayetteville Division.

Oct. 17, 1958.

James R. Hale, W. B. Putman, Pearson & Pearson, Fayetteville, Ark., Lovell & Evans, Springdale, Ark., for plaintiffs.

Clayton Little, Bentonville, Ark., Thomas Harper, Ft. Smith, Ark., for A. B. Capers and A. B. Capers Co., Inc.; Rex W. Perkins, Fayetteville, Ark., for Hartford Acc. & Ind. Co.

JOHN E. MILLER, District Judge.

The motion of plaintiffs to remand this case is now before the court.

The complaint was filed in the Circuit Court in and for Washington County, Arkansas, on August 26, 1958. On September 12, 1958, the defendant, A. B. Capers, d/b/a A. B. Capers Company, filed his petition for removal.

On September 16, 1958, the plaintiffs filed their motion to remand, and on September 23, 1958, the defendant, A. B. Capers, filed an amendment to his petition for removal by which he tendered to be attached to the original petition additional summonses and pleadings issued out of, or filed, while the action was pending in the Circuit Court of Washington County and prior to removal.

The pleadings disclose that the plaintiffs are citizens of Arkansas and reside in Washington County. The defendant, A. B. Capers, is a citizen and resident of the State of Texas, and on December 26, 1956, was engaged, under the name of A. B. Capers Company, in the business of appraising property for tax assessment.

The defendant, Hartford Accident & Indemnity Company, is an insurance corporation organized under the laws of, and with its principal place of business in, the State of Connecticut.

The defendant, A. B. Capers Company, Inc., is a corporation organized, existing, and doing business under and by virtue of the laws of Arkansas, with a branch office in Washington County, Arkansas.

On December 26, 1956, the defendant, A. B. Capers, entered into a written contract with Washington County, Arkansas, in which he agreed for a certain consideration to appraise all real property and all business, professional, commercial and industrial property and farm equipment located within Washington County. The total consideration was $85,000, to be paid to the "appraiser" by Washington County.

In accordance with the provisions of the contract the defendant, A. B. Capers, filed a performance bond in which the said A. B. Capers, his executors, administrators, or assigns further bound themselves to truly perform, fulfill and keep each and all of the covenants contained in the contract, and the defendant, Hartford Accident & Indemnity Company, as surety guaranteed the performance of the contract by execution of the bond in the sum of $85,000.

In paragraph 4 of the complaint of plaintiffs it is alleged:

"On or about the 15th day of January, 1957, the defendant A. B. Capers formed, created, and organized the defendant A. B. Capers Company, Inc., and immediately upon the incorporation of said corporation the defendant A. B. Capers Company, Inc. purported to take over and assume all of the covenants and agreements of the defendant A. B. Capers set forth and contained in said written contract and became obligated to perform the same, and all payments made by Washington County pursuant to said contract were paid to the defendant A. B. Capers Company, Inc."

In paragraph 5 of the complaint the plaintiffs alleged that the defendants, A. B. Capers, and A. B. Capers Company, Inc., made and filed claims against Washington County, between the dates of February 2, 1957, and March 19, 1958, for a total sum of $93,900.02, and that said claims were paid by Washington County, Arkansas, to the said defendants, A. B. Capers and A. B. Capers Company, Inc.

The prayer of the complaint is that the plaintiffs recover of and from each of the defendants for the use and benefit of themselves and all other taxpayers of Washington County the sum of $93,900.-02, and for their costs.

In paragraph 5 of the petition for removal the defendant, A. B. Capers, alleged:

"Petitioner further states that plaintiffs have joined as a defendant in said action, in addition to petitioner and said insurance company, A. B. Capers Company, Inc., a corporation, organized under the laws of the State of Arkansas, and the joinder of the said A. B. Capers Company, Inc. as a defendant is fraudulent and done solely for the purpose of attempting to prevent removal of this action to this court, because it appears from the complaint, and exhibits thereto, filed by plaintiffs that no cause of action is stated, or can be stated, against said A. B. Capers Company, Inc., and the only allegation undertaking to do so is a mere conclusion of law, and there are no allegations in the complaint alleging a joint cause of action against petitioner and said A. B. Capers Company, Inc., and there is no reasonable basis existing for believing there is a joint liability against petitioner and said resident defendant, and no colorable ground exists showing that plaintiffs have a real intention to obtain, or that they can obtain, a joint judgment against petitioner and said resident defendant, and no ground exists for securing such joint judgment."

In support of the petition for removal the defendant, A. B. Capers, contends that the only allegation of liability in the complaint is contained in paragraph 7, which reads as follows:

"The defendants herein have wholly and completely failed, neglected, and refused to keep and perform any of their promises, covenants, and agreements, set forth in said contract, and wholly, fully, and completely, breached each and every condition, promise, agreement, and covenant set forth and contained in said contract to be performed by them, and by reason thereof Washington County and the taxpayers thereof have been damaged in the sum of ninety-three thousand nine hundred and two one-hundredths ($93,900.02) dollars."

The defendant further contends that the complaint is wholly silent as to the allegation of any facts and that, therefore, the allegation in paragraph 7 is a mere conclusion of law, and also that the allegation contained in paragraph 4 of the complaint hereinbefore set forth to the effect that the resident corporation assumed the obligations of A. B. Capers is a conclusion of law.

The motion to remand denies that the defendant, A. B. Capers Company, Inc., was fraudulently joined as a defendant to prevent removal, and that the allegations in the complaint state a cause of action against the resident corporation for the reason that said defendant cannot accept and receive the benefits of the contract and avoid the responsibility and liability arising out of its failure to perform the contract.

The petition for removal does not deny that the individual defendant, A. B. Capers, formed or caused to be formed the resident corporation, or that after the formation of the corporation that it, in effect, took over the obligations of the contract that had been entered into by A. B. Capers and Washington County, Arkansas, but does deny that there is a cause of action stated against the resident corporation.

If the allegations contained in the complaint, when considered as a whole, are sufficient to charge that the resident corporation took over and assumed all of the covenants and agreements made by the defendant, A. B. Capers, in the contract and proceeded to do the work required by the contract and received payment therefor, and such allegations state a cause of action under the law of Arkansas, the contention of the removing defendant must fail.

In Ft. Smith Refrigeration & Equipment Co., Inc., v. Ferguson, 217 Ark. 457, at page 459, 230 S.W.2d 943, at page 944, the court said:

"At the time of trial of the cause, the whereabouts of Watkins was unknown, he having severed his connection with the company a year or two earlier. Poulos denied any knowledge of the alleged contract and denied that Ferguson had ever been employed on a commission basis in any capacity by the defendant corporation.

"Appellant's main contention is that it was entitled to a directed verdict because the corporation was not in existence at the time the contract with Ferguson was alleged to have been made, and that even if such a contract had been made on behalf of the partnership, the appellant corporation would not be liable therefor.

"Appellant concedes that the rule as to liability of corporations on contracts or obligations of a predecessor partnership is as stated in Fletcher on Corporations, Sec. 4012:

"'A corporation succeeding a partnership or association is liable on the contracts or obligations of the latter where it either assumes them under express agreement or where the facts and circumstances are such as to show an assumption.

"'* * * unless the corporation has expressly assumed the debts and obligations of its predecessor, its liability, if it exists at all, must

arise by implication or presumption, out of the facts and circumstances attending the incorporation, and the acquisition by the corporation of the assets and property of the firm or association, * * *. The corporation, of course, would not be liable on the partnership obligations where no showing is made that it either expressly or impliedly assumed them.'

"It is further said in Sec. 4014 of the same work: 'It is quite generally recognized that a corporation may be held to have impliedly assumed the obligations of its predecessor, for an assumption of liability by the corporation, like any other fact, may be established by circumstantial evidence. Of course, the facts upon which the implication or presumption of liability is predicated must affirmatively appear from the pleadings and proof. The situation is analogous to that in which a new corporation, created to succeed to the assets and business of an old corporation, and which is simply a continuation of the old, becomes liable for its debts, and although more difficulty is encountered with the question of the assumption of liabilities when a corporation has succeeded to the business and assets of a partnership, it seems safe to say that the same rule prevails.'

"Where the question was as to the liability of one corporation for the debts of another, in Good v. Ferguson & Wheeler Land, Lumber & Handle Company, 107 Ark. 118, 153 S.W. 1107, Ann.Cas.1915A, 544, we held, to quote the headnote: 'One corporation may become liable for the debts of another when it has by reasonable implication assumed the payment of the liabilities of the debtor corporation, and it is a question for the jury to determine from the facts and circumstances whether they lead to the implication that when a new corporation takes over the property of an old one, it

undertakes to discharge the latter's obligations' See, also, Warmack v. Major Stave Company, 132 Ark. 173, 200 S.W. 799; Meeks v. Ark. Light & Power Company, 147 Ark. 232, 227 S.W. 405.

"Under the general rule as above-quoted and our holding in the Good case, supra, there was a question made for the jury's determination whether the corporation had impliedly assumed the obligation to pay a commission to Ferguson. The two partners became the owners of 498 of the 500 shares of stock in the new corporation. They both were officers, and continued to conduct the same business. The corporation completed the sale of the locker units for which the negotiations had been begun by Ferguson, and received the profits from said sale."

■■■■ If the plaintiffs had, at the time the suit was filed, a reasonable basis for believing that the resident corporation is jointly liable with the other defendants, there is no fraudulent joinder. If it is clear that under the law of the state the facts asserted by the plaintiffs as a basis for the liability of the resident defendant could not possibly create a liability against it and the other defendant or defendants jointly, the joinder of such resident defendant is in law fraudulent. However, if there is doubt as to whether under the state law a case of joint liability is stated, or if there is doubt whether the allegations with respect to the resident defendant are false, as when that question depends upon the credibility of witnesses and the weight of the evidence, the joinder is not fraudulent. Morris v. E. I. Du Pont de Nemours & Co., 8 Cir., 68 F.2d 788. The same care must be exercised in protecting the jurisdiction of the state court with respect to a case not subject to removal as is exercised in protecting the jurisdiction of the federal court with respect to one that is removable.

In the consideration of a motion to remand, where the removing defendant contended that no cause of action was

stated, the Supreme Court of the United States, in Chicago, R. I. & P. Ry. Co., v. Schwyhart, 227 U.S. 184, at page 194, 33 S.Ct. 250, 251, 57 L.Ed. 473, said:

"We are not to decide whether a flaw could be picked in the declaration on special demurrer."

In Locke v. St. Louis-San Francisco Ry. Co., 8 Cir., 87 F.2d 418, the nonresident appellees contended that the joinder of the resident defendants, Rumsey and Martin, was fraudulent as a matter of law for the reason that no cause of action was stated against them in the complaint. In answering this contention, the court at page 420 of 87 F.2d said:

"The first of these contentions involves the question of whether the unnecessary leaving of the box car by the defendants, Rumsey and Martin, for an unreasonable length of time where it obstructed the view of approaching trains in and of itself constitutes actionable negligence. Stated another way, the question is, Is the alleged act such that on a motion to remand the federal court may say as a matter of law that it does not constitute negligence, and that for that reason the joinder of these defendants is fraudulent? The rule is well settled that if the issue, be it one of law or of fact, is doubtful it must be tried in the court having jurisdiction and not determined in removal proceedings. Huffman v. Baldwin, 8 Cir., 82 F.2d 5, 7; Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788, 791. In such proceedings, the federal court will not consider even whether a flaw could be found in the complaint on a special demurrer. Chicago, R. I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 194, 33 S.Ct. 250, 57 L.Ed. 473."

In view of the holding of the Supreme Court of Arkansas in Ft. Smith Refrigeration & Equipment Co., Inc., v. Ferguson, supra, the court is of the opinion that a joint cause of action is sufficiently stated against the resident defendant and that the plaintiffs are seeking a joint judgment against all of the defendants. This being true, this court does not have original jurisdiction of the action, since there is a lack of diversity of citizenship, and the motion to remand should be granted. Title 28 U.S.C.A. § 1331, as amended by Public Law 85–554, 85th Congress, July 25, 1958. Title 28 U.S.C.A. § 1441.

An order remanding the case to the Circuit Court within and for Washington County, whence it was removed, is being entered today.