Donna FRANZ and Allen
R. Franz Plaintiffs,

v.

WYETH et al.  Defendants.

No.  CIV.A.G–04–018.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 14, 2004.

Paul Houston Lavalle, Attorney at Law, Texas City, TX, George M. Fleming, Fleming & Associates, Houston, TX, A. Craig Eiland, Attorney at Law, Galveston, TX, for Plaintiffs.

Kenneth J. Ferguson, Clark Thomas et al., Austin, TX, Stephen Robert Lewis, Jr., Lewis & Williams, Galveston, TX, Paul Edward Stallings, Vinson and Elkins, Jay Hodges Henderson, Cruse Scott et al., Houston, TX, Ruben W. Hope, Jr., Hope & Causey, Conroe, TX, Philipa Marie Remington, Stinnett Thiepaud et al., Dallas, TX, for Defendants.

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND SUA SPONTE TRANSFERRING THE CASE

KENT, District Judge.

This is a personal injury case, in which Donna and Allen Franz ("Plaintiffs") allege personal injury and associated damages as a result of Donna Franz's use of the diet drugs Pondimin and Redux. This case was filed in Galveston County Court in November, 2002. Plaintiffs alleged causes of action against Wyeth, the manufacturer of the drugs in question, and Drs. Jay Mont and Hal Boone, two prescribing physicians. Wyeth is a Delaware corporation with its principal place of business in New Jersey. Drs. Mont and Boone are both Texas residents. The case proceeded through discovery and was scheduled to begin jury selection on January 14, 2004. On January 12, 2004, Defendants became aware of an agreement drafted pursuant to Tex.R. Civ. P. 11 ("the Rule 11 agreement") which would dismiss Drs. Mont and Boone from the suit. Defendant Wyeth claims that the proposed agreement is evidence that Plaintiffs do not any longer intend to pursue any claims against the doctors and that Defendants Mont and Boone were fraudulently joined. They argue that after exclusion of the fraudulently joined Defendants, there remains solely a case between citizens of different states. Accordingly, Wyeth removed the case to this Court on January 13, 2004 pursuant to the Court's diversity jurisdiction. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332.

On January 14, 2004, Plaintiffs filed a Motion to Remand and requested an emergency hearing, as a jury panel was waiting at the County Court. The Parties came before the Court for a hearing on the matter on January 14, 2004. Counsel for all parties appeared and announced ready. At that hearing, the Parties' reiterated the arguments as set out in their extraordinarily voluminous Notice of Removal and Motion to Remand. In addition, the Parties orally briefed the Court regarding the venue facts of this case. For the reasons articulated below, Plaintiff's Motion to Remand is respectfully **DENIED**. Additionally, the Court hereby **SUA SPONTE TRANSFERS** this case to the Southern District of Texas, Houston Division.

### I.

Generally, a defendant may remove an action from state to federal court if the action lies within the federal district court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over actions where there is either diversity of citizenship or the presentation of a federal question. *See* 28 U.S.C. §§ 1331–32. For a case to arise under the federal court's diversity jurisdiction, there must be complete diversity of the parties, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

Unless the right to remove has been waived, a defendant may file a notice of removal within 30 days of receipt of the initial pleading. *See* 28 U.S.C. § 1446(b). However, in the event that a case is not removable at its inception, but later becomes so, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added).

## II.

This case, as pleaded in Plaintiffs' Original Petition, was not removable on the day it was filed. Since Plaintiffs are Texas residents and Drs. Mont and Boone are also Texas residents, the parties were not completely diverse. Defendants and Plaintiffs agree that the claims against the doctors were viable and that Plaintiffs intended to pursue them at the inception of this case. There is no dispute that this case does not involve a federal question.

■ Defendants became aware that this case was removable on January 12, 2004, only after receiving a copy of the proposed Rule 11 agreement. The Rule 11 agreement was prepared by Plaintiffs' counsel and proposed to dismiss both Drs. Boone and Mont if all Parties agreed not to remove the case, not to seek a change of venue, that the agreement would be inadmissible, that no party would argue that the doctors were negligent, and that no Party would mention the existence of the Rule 11 agreement. Defendant argues, and the Court agrees, that the proposed agreement proves that Plaintiffs have, at least as of now, no good-faith intention of pursuing the claims against the non-diverse Defendants. Since Plaintiffs have no intention to pursue a claim against the doctors, their further inclusion in the case is improper, and they can now be considered fraudulently joined.[1] *See Wilson v. Republic Iron & Steel*, 257 U.S. 92, 98, 42 S.Ct. 35, 38, 66 L.Ed. 144 (1921); *Chicago, R.I. & P. Ry. Co. v. Schwyhart*, 227 U.S. 184, 194, 33 S.Ct. 250, 251, 57 L.Ed. 473

(1913); *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir.1990); *Aydell v. Sterns*, 677 F.Supp. 877, 880 (M.D.La. 1988). This Court therefore concludes that when a Plaintiff, at whatever time and for whatever reason, indicates a desire to completely abandon the claims against all non-diverse defendants, those defendants are fraudulently joined, and the case becomes removable at that moment.

■ The proposed Rule 11 agreement provided the basis for removal, and since it was discovered by Wyeth on January 12, 2004, it had 30 days from that day to remove this case. *See* 28 U.S.C. § 1446(b). Defendant Wyeth removed this case on January 13, 2004. The removal was proper and timely.

## III.

■ During the hearing on Plaintiff's Motion to Remand, all Parties were forthcoming regarding the venue facts of this case. Plaintiff indicated to the Court that the only connection this case has to the Galveston Division of the Southern District of Texas is the residence of Dr. Boone in Galveston County. Dr. Boone was Plaintiff's prescribing physician for a period of one month. Other than that very minimal connection, all other facts of this case support venue in the Houston Division of this District. Plaintiff resides in and is currently being treated in Harris County. Given the overwhelming connection between this case and the Houston Division, the Court feels that the case would more appropriately be heard in that venue. *See* 28 U.S.C. § 1404(a).

## IV.

For the reasons articulated above, this Court finds that Defendant's removal was

---

1. The Court does not believe that they were originally fraudulently joined. But abandonment of those claims dramatically alters their status before the Court. It is imperative to note that Plaintiffs did not propose to *settle* the claims, but rather to simply terminate them.

timely and appropriate and hereby respectfully **DENIES** Plaintiffs' Motion to Remand. In addition, the Court **SUA SPONTE TRANSFERS** this case to the Houston Division of the Southern District of Texas. All other pending matters are left to the consideration of the transferee Court. All Parties are to bear their own taxable costs and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**