JUSTICE WARNER
dissents.
¶23 I must respectfully dissent. I cannot join in a decision that ignores substantial evidence indicating the plaintiff chose a favorable venue by simply naming a specious defendant against whom he has no genuine intention of pursuing judgment.
¶24 The majority is correct in noting that § 25-2-116, MCA, bars plaintiff from adding spurious claims in an effort to control venue. I do not suggest that we add to the specific provisions of § 25-2-116, MCA. In my view, naming a sham defendant, one that a plaintiff has no intention of securing a judgment against, is indeed the same as making a spurious claim against that defendant.
¶25 We recognized in Wentz that § 25-2-116, MCA, was adopted “to prevent a plaintiff from controlling venue by adding spurious claims that have little or no validity....” Wentz, 280 Mont. at 21-22, 928 P.2d at 241; see also Liang, ¶ 19 (§ 25-2-116 “prevent[s] plaintiffs from promulgating spurious claims as a means of denying a favorable venue to a defendant.”). Thus, under § 25-2-116, MCA, we refuse to allow a plaintiff to include specious claims for the purpose of obtaining a preferred venue. In light of this policy, I fail to see how adding a specious defendant to obtain a preferred venue under § 25-2-117, MCA, is different and thus permissible. Yet, this is what the majority concludes here by simply ignoring the strong possibility that Robinson Insulation is included as a defendant for the sole purpose of manipulating venue.
¶26 The record is replete with facts that support Atlantic Richfield’s argument that Robinson Insulation is a sham defendant. Robinson Insulation was involuntarily dissolved by the State in 1989 and no longer exists. Plaintiffs have not attempted to serve Robinson Insulation, its former directors, officers or shareholders, and the time frame for doing such has long passed. Even more convincing, Atlantic Richfield has offered evidence that Plaintiffs’ counsel has named Robinson Insulation in numerous other cases, presumably to obtain venue in Cascade County, yet Plaintiffs’ counsel has never pursued a judgment against Robinson Insulation, or its former directors, officers or shareholders.
¶27 I concede that on the face of §§ 35-1-935 and 35-1-937, MCA, Plaintiffs could possibly have a valid claim against Robinson *240 Insulation, and because it was a resident of Cascade County, such county would be a “proper” venue under §§ 25-2-117 and 25-2-118, MCA, if the claim was actually made. However, one may conclude from Wentz that the legislature did not intend an abuse of the law by naming sham defendants for the sole purpose of obtaining a preferred venue. See Wentz, 280 Mont. at 21-22, 928 P.2d at 241-242.
¶28 In considering the analogous situation of naming a defendant for the purpose of defeating diversity of citizenship, the federal courts have refused to allow plaintiffs to manipulate the rules of civil procedure by naming sham defendants. The federal courts have made it clear that in joining a defendant the plaintiff must have the intent to pursue a judgment against that defendant.[1] Chicago, Rock Island & Pacific Ry. Co. v. Schwyhart (1913), 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Triggs v. John Crump Toyota, Inc. (11th Cir. 1998), 154 F.3d 1284, 1291. When a plaintiff’s intent in joining a defendant has been questioned, several federal circuits have resolved the issue by “piercing the pleadings” and considering summary judgment-type evidence such as affidavits and deposition testimony. E.g., Morris v. Princess Cruises, Inc. (9th Cir. 2001), 236 F.3d 1061, 1068; Cavallini v. State Farm Mut. Auto Insur. (5th Cir. 1995), 44 F.3d 256, 263. This Court has previously adopted such a practice at least by implication. As discussed above in Wentz and Liang, we interpreted § 25-2-116, MCA, to “prevent a plaintiff from controlling venue by adding spurious claims that have little or no validity....” Wentz, 280 Mont. at 21-22, 928 P.2d at 241. In Liang, this Court reviewed the record to find any indication that the plaintiff had added claims as a way to manipulate venue, and to see whether defendants had alleged such. In that case we found neither, but the opposite is true here. Therefore, I would reverse and remand for an appropriate hearing resulting in findings of fact as to whether Plaintiffs had a genuine intent to pursue judgment against Robinson Insulation.
JUSTICE RICE joins in the foregoing dissent.

I recognize the distinction between an intention to pursue or obtain a judgment versus the abibty to collect on a judgment. The latter is not required of plaintiff; however, the former clearly is. The record here presents a real possibility that Plaintiffs lacked any intent to pursue judgment against Robinson Insulation.