Wendell PATE and wife, Mary Betty Pate, Plaintiffs-Appellants,

v.

CITY OF MARTIN, a municipal corporation, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section.

April 30, 1979.

Certiorari Denied by Supreme Court Sept. 17, 1979.

William A. Largen, Dresden, C. W. Miles, III, Union City, for plaintiffs-appellants.

William M. Maloan, Brundige & Maloan, Martin, for defendant-appellee.

MATHERNE, Judge.

The plaintiffs allege that the defendant city has created and maintains a nuisance in the form of a sewage lagoon and sue to abate the nuisance and to recover property damages suffered because of the nuisance.

By motion to dismiss the city alleges that the Chancery Court sitting in Weakley County, Tennessee, is without jurisdiction of the subject matter of this litigation. The city argues that the plaintiffs' claim is governed by the Tennessee Governmental Tort Liability Act which places exclusive jurisdiction in the circuit court. The chancellor sustained the motion to dismiss and ordered the lawsuit transferred to the Circuit Court sitting in Weakley County, Tennessee. The chancellor granted a discretionary appeal and properly certified the following controlling questions of law:

a) Whether the chancery court has jurisdiction to try a nuisance case against a municipality, or

b) Whether the exclusive jurisdiction of a case against a governmental entity such as a municipal corporation lies in the Circuit Court and,

c) Whether a nuisance action against a municipality falls within and is governed by the governmental tort liability act of Tennessee as embodied in Tennessee Code Annotated Section 23–3301, *et seq.*

The Tennessee Governmental Tort Liability Act at T.C.A. § 23–3307 provides:

Immunity from suit.—Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of said governmental entities wherein said governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary. When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter. [Acts 1973, ch. 345, § 3.]

The Act then proceeds to remove immunity in the following situations:

1) for injury from negligent operation of motor vehicles with certain exceptions (T.C.A. § 23–3308),

2) for injury from unsafe streets and highways with certain exceptions (T.C.A. § 23–3309),

3) for injury from dangerous structures with certain exceptions (T.C.A. § 23–3310),

4) for injury caused by negligent acts or omissions of employees with certain exceptions (T.C.A. § 23–3311).

Section 23–3319 of the Act gives the circuit courts exclusive original jurisdiction over any action brought under the Act. The word "injury" is defined at section 23–3302(4) of the Act to include "damage to or loss of property."

Prior to the enactment of the statute, it was settled law in Tennessee that if a mu-

nicipality creates and maintains a nuisance, it is liable for the resulting damages. *City of Nashville v. Mason* (1916) 137 Tenn. 169, 192 S.W. 915; *City of Knoxville v. Lively* (1918) 141 Tenn. 22, 206 S.W. 180.

In *Dean v. Bays Mountain Park Ass'n* (Tenn.App.1977) 551 S.W.2d 702, the minor plaintiff brought a personal injury suit for damages resulting from his riding a bicycle into a chain blocking an access road to bicycle trails in a city park. The plaintiff alleged that the chain constituted a nuisance for which the city was liable as an exception to the Tennessee Governmental Tort Liability Act. The defendant city argued that the condition of the chain, how it was placed, and its lack of bright paint for visibility constituted negligence only and did not establish a nuisance. In reversing a judgment for the plaintiff, the Court held that the condition complained of did not constitute a nuisance and dismissed the lawsuit. It could be argued that the Court in *Dean* did treat the lawsuit against the municipality as being outside the Tennessee Governmental Tort Liability Act. The Court did not, however, directly address the issue. We fail to find a reported Tennessee opinion on the subject.

■ Looking to the Act we must conclude that the legislature intended to remove governmental immunity only in the situations noted. However, the legislature did not deprive a court of equity of its inherent jurisdiction to abate a nuisance created and maintained by a municipality. This lawsuit is an action in equity to abate an alleged continuing nuisance and for damages due to the existence of the nuisance. A chancery court has inherent jurisdiction to abate a nuisance, and in the same suit award damages for the injuries caused by the nuisance. 2 Gibson's Suits in Chancery, § 872, footnote 136 (5th Edition).

■ We, therefore, hold that the Chancery Court sitting in Weakley County, Tennessee, has subject matter jurisdiction over this lawsuit and that this lawsuit is not governed by the provisions of the Tennessee Governmental Tort Liability Act, T.C.A. § 23–3301, *et seq.*

The decree of the chancellor is reversed and this lawsuit is remanded to the Chancery Court sitting in Weakley County, Tennessee, for such further proceedings as the law directs. The cost in this Court is adjudged against the defendant-appellee.

NEARN and LEWIS, JJ., concur.