Joyce Ruth Fox MABRAY, Plaintiff,

v.

VELSICOL CHEMICAL CORP., City of Memphis, Betty Schettler, M.D., and John Dacus, M.D., Defendants.

No. 79–2420.

United States District Court, W. D. Tennessee, W. D.

Dec. 4, 1979.

**1242**

Ben Todd, Memphis, Tenn., for plaintiff.

William D. Evans, Jr., Memphis, Tenn., James W. Gentry, Jr., Chattanooga, Tenn., for Velsicol Chemical.

E. Brady Bartusch, Asst. City Atty., Memphis, Tenn., for City of Memphis.

Max D. Lucas, Jr., Memphis, Tenn., for Betty Schettler, M. D.

Albert C. Harvey, Memphis, Tenn., for John Dacus, M. D.

## MEMORANDUM OPINION

WELLFORD, District Judge.

Plaintiff is a former City of Memphis employee at the North Memphis Waste Water Treatment Plant who allegedly was exposed, without her knowledge, to high levels of toxic chemicals discharged into the City waste water system by defendant Velsicol. During the period of alleged exposure to the chemicals, she became pregnant. Tests showed high levels of the chemicals in her urine; because of the risk that the chemicals in her system would impair the health of her fetus, she underwent an abortion. She has sued for damages for wrongful death of the fetus and various other types of personal injury to herself.

Plaintiff sued Velsicol for common law negligence in its handling of the chemicals and for creation of a public nuisance. She also named the City of Memphis as a defendant and claims that the City is also liable for common law negligence and creation of a public nuisance in 1) its operation of the waste water system, 2) its failure to prevent Velsicol from discharging chemicals into the system, and 3) its failure to provide a safe workplace for its employees.

Plaintiff brought her action against both defendants in state circuit court. Defendant Velsicol petitioned for removal to this Court, and plaintiff has filed a motion to remand the case to state court. Velsicol has opposed this remand motion, and the matter was referred to the Magistrate. Magistrate Allen recommended that the cause be remanded to the state court. Defendant Velsicol has filed objections to the Magistrate's Report and Recommendation, requesting the Court to make its own findings of fact and conclusions of law on the motion. 28 U.S.C. § 636(b)(1) requires the Court to make a *de novo* determination of the matters objected to by Velsicol. There are three basic questions to be determined in this controversy before this Court:

1. Did plaintiff wrongfully join the City as a defendant in order to destroy diversity and deny this Court jurisdiction of the case?

2. Is plaintiff's claim against the City separate and independent from that against Velsicol so that this Court may retain jurisdiction of the entire cause or at least of the claim against Velsicol?

3. Did plaintiff conceal a federal question claim that would give this Court exclusive jurisdiction over the case?

■ The right to remove a case from state to federal court is given and governed by 28 U.S.C. §§ 1441–1451. To obtain removal, the defendant files a petition for removal, setting forth the basis therefor. The case must be remanded if at any time it appears that the case was removed improvidently and without jurisdiction.

28 U.S.C. § 1441 describes the types of actions that are generally removable:

(a) any civil action brought in state court of which the district court has original jurisdiction;

(b) any civil action founded on a federal claim or right;

(c) a separate and independent claim that would be removable if sued upon alone, that is joined with other non-removable claims.

■ The petitioning defendant has the burden of showing that the case fits into one of these categories. Defendant here claims removability because there is diversity once the allegedly inadequate claim against the City is dismissed; because the case involves a question under a federal statute; and because the claims against the City and Velsicol are separate and independent.

*JOINDER OF CITY OF MEMPHIS:*

Velsicol claims that plaintiff, a resident of Tennessee, joined the City of Memphis as a defendant in this case solely to deprive this Court of jurisdiction, as the plaintiff has not stated a cause of action against the City, and the presence of the City in the suit destroys the diversity that exists between plaintiff and Velsicol.

■ Velsicol acknowledges that it has the burden of proving that plaintiff's joinder of the City was fraudulent. If plaintiff has stated a cause of action against the City sufficient to withstand a motion for dismissal under Federal Rules of Civil Procedure 12(b)(6), the joinder was not fraudulent. *Sessions v. Chrysler Corp.,* 517 F.2d 759 (9th Cir. 1975). Has a cause of action been stated against the resident defendant in light of local law? Although a question may be unsettled under state law, jurisdiction at this juncture is not dependent on the ultimate resolution of issues in plaintiff's favor but only on a reasonable possibility that she has stated a cause of action. *Howard v. General Motors Corp.,* 287 F.Supp. 646 (N.D.Miss.1968).

■ Defendant has argued at length that plaintiff has not stated a valid cause of action against the City under Tennessee law because the City enjoys common law sovereign immunity from suits alleging negligence and this immunity was not removed by any provisions of the Tennessee Governmental Tort Liability Act (TGTLA), *Tennessee Code Annotated* §§ 23–3301 *et seq.,* passed in 1973. Plaintiff alleged, however, that Velsicol's discharge created a public nuisance as well. In *Dean v. Bays Mountain Park Ass'n,* 551 S.W.2d 702 (Tenn.Ct. App.), *cert. den.* (1977), the plaintiff alleged that a municipality had created a nuisance and claimed that the City was liable for the injury under an exception to the TGTLA. The court did not reach this issue, however, because it found the municipality's conduct amounted only to negligence and did not rise to the level of nuisance. This unanswered question was raised again in *Pate v. City of Martin,* 586 S.W.2d 834 (Tenn.Ct. App.), *cert. den.* (1979), and was then resolved by the Tennessee court, which held that the TGTLA removed common law governmental immunity only in the situations specifically enumerated in its provisions. In passing the Act "the legislature did not deprive a court of equity of its inherent jurisdiction to abate a nuisance created and maintained by a municipality." 586 S.W.2d at 836. It thus appears that plaintiff's nuisance claim against the City does indeed state a valid cause of action.

Defendant has not met its burden of proving that plaintiff's joinder of the City was for the fraudulent purpose of destroying diversity jurisdiction.

*SEPARATE AND INDEPENDENT CLAIM:*

Velsicol claims that this case is properly removable to federal court under 28 U.S.C. § 1441(c), which provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The removability of the case under this subsection turns on whether the claims against Velsicol and the City are separate and independent from each other. The

leading case construing 28 U.S.C. § 1441(c) is *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), which held that where the plaintiff seeks relief from a single wrong arising from an interlocked series of transactions, there is no separate and independent claim or cause of action. In a recent case following *Finn,* the Sixth Circuit held that the plaintiff's use of separate counts to plead different legal theories, one in contract and one in tort, did not mean that there were separate and independent claims, where there was but one wrong. *Union Planters National Bank of Memphis v. CBS, Inc.,* 557 F.2d 84 (6th Cir. 1977).

28 U.S.C. § 1441(c) was not intended to endorse liberal removal to federal court of cases with multiple defendants just because claims against one defendant could be heard there. The court in *Finn, supra,* stated that Congress intended to restrict the right of removal when it passed § 1441(c), as the earlier removal statute had been more liberal. Other courts have read the statute restrictively as well. For example, the Tenth Circuit has stated: "[A]ll doubts arising from defective, ambiguous and unartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Greenshields v. Warren Petroleum Corp.,* 248 F.2d 61, 65, *cert. den.,* 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957).

Plaintiff in this case seeks relief for a single wrong, the injuries (to her and her fetus) that allegedly resulted from her exposure to the toxic chemicals, for which both defendants may be liable. She seeks compensation for those injuries from whomever is found to be responsible for them, under whatever legal theories. Under the standards set forth in *Finn,* and *Union Planters,* then, the case is not removable under 28 U.S.C. § 1441(c), because plaintiff's claim against the City is not separate and independent from that against Velsicol.

### FEDERAL QUESTION—EXCLUSIVE FEDERAL JURISDICTION:

Velsicol claims that plaintiff has concealed a federal question under the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. §§ 1251 *et seq.,* which gives federal courts exclusive jurisdiction over cases arising under it. Specifically, Velsicol argues that the Environmental Protection Agency (EPA), pursuant to FWPCA, issued it a National Pollutant Discharge Elimination System (NPDES) permit that granted it the right to discharge certain amounts of specified chemicals into the City waste water system, and that this permit (whose validity was upheld in other litigation before Judge McRae of this Court, *United States v. Velsicol Chemical Corp.,* 438 F.Supp. 945 (W.D. Tenn.1976)), constitutes an absolute defense to plaintiff's tort claims. Velsicol contends that plaintiff's only claim, therefore, is that the limitations contained in its permit were violated. This would convert plaintiff's suit to one under the FWPCA, which would be removable under 28 U.S.C. § 1441(b), which states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

This argument raises an issue that has given the federal courts considerable difficulty. *See* 14 Wright, Miller and Cooper, *Federal Practice and Procedure: Civil* § 3722 (1976). As a general proposition, the plaintiff is said to be the architect of her own lawsuit; if she does not choose to assert a federal claim, defendant cannot remove the case on the ground that plaintiff could have done so. *Ibid.,* at § 3721. In order to be removable under § 1441(b), a federal claim must be an essential element of the claim for relief and not present only as part of a collateral issue or by way of defense. *Marquette National Bank of Minneapolis v. First National Bank of Omaha,* 422 F.Supp. 1346 (D.Minn.1976). Some federal courts have examined, nonetheless, the substantive underpinnings of the plaintiff's claim to determine whether its true nature is federal and whether federal law has preempted state court consideration of the claim.

Plaintiff's complaint makes claims that sound only in tort; no federal questions are presented or even vaguely impli-

cated. Her claims against Velsicol are based on 1) common law negligence in the handling and disposition of toxic chemicals, and failing to warn her of the dangers to which she was exposed; and 2) on the creation of a public nuisance. She also claims punitive damages.

If Velsicol is able to prove its allegations that it discharged the instant chemicals pursuant to a valid NPDES permit issued under the FWCPA, it may well have an absolute defense to plaintiff's tort claims, as it contends. Plaintiff would still be free, however, to present proof that Velsicol negligently violated the standards and limitations contained in the permit, which may be a federal question; but the nuisance allegations and claims of malicious conduct would not necessarily be federal. Assertion of the NPDES permit would come as a *defense* and plaintiff is not bound to anticipate such defense. Requiring plaintiff to bring her case in federal court against her will on the possibility that Velsicol will be successful in this defense seems contrary to the general principles summarized above.

In addition, the Court will hesitate to require plaintiff to characterize her entire *tort* suit as one under the FWPCA, whose purpose is to "restore and maintain the chemical, physical and biological integrity of the Nation's waters." 33 U.S.C. § 1251. 33 U.S.C. § 1365(a) provides that the district court *shall* have jurisdiction to enforce effluent standards or limitations under the Act in suits brought by citizens for that purpose, and Velsicol claims that this provision creates exclusive federal jurisdiction over this case. Plaintiff here is not seeking to enforce prospectively Velsicol's adherence to the provisions of its NPDES permit; rather, she claims personal damages for its alleged *past* failure to act reasonably in its discharge of chemicals. 33 U.S.C. § 1365(e) makes it clear that the statute is not *in*-tended to preclude any other statutory or common law remedies available to a plaintiff, and a recent decision of the Seventh Circuit supports this Court's view that the FWPCA may not be used in suits claiming damages for past violations of the Act. *See Evansville v. Kentucky Liquid Recycling, Inc.,* 604 F.2d 1008 (7th Cir. 1979), which

held that the federal common law of nuisance gave the municipal plaintiffs a cause of action for damages, although such a suit was not cognizable under the FWPCA.

For these reasons, the Court finds that the plaintiff's claim is not a concealed federal question giving this Court exclusive jurisdiction.

*CONCLUSION:*

In summary, the Court concludes that defendant Velsicol has not met its burden of showing that the case is properly removable to this Court, as it has not shown that the Court would have had original jurisdiction over the action or met the standards of any of the subsections of 28 U.S.C. § 1441. Since plaintiff stated a potential cause of action against the City, not merely a "paper" assertion, there is not complete diversity. Claims against Velsicol and the City are not separate and independent. Plaintiff's action sounds in tort and is not basically or essentially a FWPCA claim. Therefore plaintiff's motion to remand the case to state court should be granted.

An order of remand will be entered. It is so ORDERED this 4th day of December, 1979.