Annie Mae CHAREST, et al., Plaintiffs,

v.

OLIN CORPORATION, a Virginia
corporation, et al., Defendants.

Civ. A. No. CV81–PT–5367–NE.

United States District Court,
N. D. Alabama,
Northeastern Division.

June 29, 1982.

Steven V. Hammond, Chenault, Chenault & Hammond, Decatur, Ala., for plaintiffs.

G. Lee Garrett, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendants.

## MEMORANDUM OPINION

PROPST, District Judge.

The above styled action was removed by defendants, Olin Corporation (Olin) and B. H. Wilcoxon (Wilcoxon), from state court on November 6, 1981. Now before the court is plaintiffs' Motion to Remand the cause to the Circuit Court for Morgan County, Alabama, on the ground that this court is without jurisdiction to hear and determine the cause and is without jurisdiction of either the parties to or the subject matter of this suit for the following reasons:

1. That when this action was begun in the Circuit Court for Morgan County, Alabama, and for a long time prior and a long time subsequent thereto, the plaintiffs and the defendant, B. H. Wilcoxon, were citizens of the State of Alabama; and,

2. That the complaint states no cause of action arising under the constitution, laws, or treaties of the United States to confer federal jurisdiction on this court pursuant to 28 U.S.C. § 1331.

The plaintiffs in this cause are residents and citizens of the State of Alabama. The defendant Olin is a Virginia corporation authorized to do business in the State of Alabama. The defendant Wilcoxon is a resident of Madison County, Alabama. The plaintiffs' complaint claims damages in tort based upon nuisance, negligence, and willful and wanton misconduct and also for breach of contract.

In defendants' brief in opposition to plaintiffs' motion to remand, the following grounds for denial of remand are asserted:

1. That this court has original federal question jurisdiction under 28 U.S.C. § 1331;

2. That Olin and Wilcoxon cannot properly be joined as defendants in Morgan County, Alabama and that Olin cannot be sued in Morgan County, Alabama, thus, this court has original jurisdiction pursuant to 28 U.S.C. § 1332; and,

3. That diversity of citizenship under 28 U.S.C. § 1332 exists by virtue of the plaintiffs practicing a fraud upon the court by joining defendant Wilcoxon as a defendant in this action solely for the purpose of defeating federal diversity jurisdiction.

Below the court will briefly address each of these grounds.

I. Federal Question Jurisdiction.

Defendants base their federal question argument upon Count IV[1] of plaintiffs'

---

1. Count IV of the complaint states in pertinent part:

2. A valid lease existed between the Army, representing the United States of America, as lessor, and defendant Olin from approximately 1954 until 1971. A provision of said lease required "that the Lessee shall not discharge waste or effluent from the Leased Property in such a manner that such discharge would contaminate streams or oth-

er bodies of water or otherwise become a public nuisance."

3. The plaintiffs herein were third-parties beneficiaries to said lease, which is a contract.

4. The above referenced provision of the Lease was violated by the defendants by its discharge of DDT, a pollutant, causing great injury and damage to the plaintiffs as third-party beneficiaries of said contract.

complaint. In Count IV the plaintiffs allege that a valid lease existed between the defendant Olin, as lessee, and the United States of America, as lessor; that the plaintiffs were third-party beneficiaries of such lease; that defendants breached the contract; and that plaintiffs were damaged as a result of the breach. Defendants submit that Count IV is a claim for breach of a United States Government contract which constitutes a "federal question" thereby vesting this court with original subject matter jurisdiction over the entire lawsuit and authorizes defendants' removal of the case from state court. In short, defendants claim that a federal claim is present because the disposition of the contract issue requires the application of federal common law. *Trans-Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370 (D.C.Cir.1976). Defendants have cited numerous cases in support of their contention that government contracts are governed by federal common law, and therefore, that this court has federal question jurisdiction over the breach of contract count and pendent jurisdiction over all other claims. However, the cited cases merely support the argument that such contracts may be governed by federal common law; not that a third-party beneficiary claim involving such a contract is sufficient to support federal question jurisdiction. [*See Lawrence v. United States*, 378 F.2d 452 (5th Cir. 1967); *Security Life & Accident Insurance Co. v. United States*, 357 F.2d 145 (5th Cir. 1966); and *Penn-Ohio Steel Corp. v. United States*, 354 F.2d 254 (Ct.Cl.1965).]

■ It is true that jurisdiction under 28 U.S.C. § 1331(a) may rest on federal common law. *See Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972) (federal common law applied to abate nuisance of interstate water pollution); *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943) (federal common law applied to commercial paper).[2] However, the fact that the contract is or may be subject to federal law or federal regulation does not, in itself, demonstrate that Congress meant that all aspects of its performance or nonperformance were to be governed by federal law rather than state law or that issues surrounding the contract may only be resolved in federal court. *See Miree v. DeKalb County*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Wallis v. Pan American Petroleum Corp.*, 384 U.S. 63, 86 S.Ct. 1301, 16 L.Ed.2d 369 (1966); *American Invs. Co. Countryside, Inc. v. Riverdale Bank*, 596 F.2d 211 (7th Cir. 1979); *Aetna State Bank v. Altheimer*, 430 F.2d 750 (7th Cir. 1970). The fact that the contract was entered into pursuant to authority conferred by federal statute, is only the beginning, not the end, of the analysis. *American Invs. Co. Countryside, Inc. v. Riverdale Bank, supra.*

■ There is no dispute that the lease in question was a contract to which the United States was a party. However, no questions regarding the liability of the United States or the responsibilities of the United States under the contract are raised. At issue here, at least in part, is a question of whether or not the plaintiffs, as third-party beneficiaries, may impose liability upon a private party for injuries which resulted from the alleged breach of a contract. Regarding this issue, the court finds the case of *Miree v. DeKalb County, supra*, factually analogous. In *Miree*, a diversity action,[3] the plaintiffs' complaints asserted claims based upon three independent theories: negligence, nuisance, and *breach of contract*. As to the breach of contract theory, the plaintiffs sought to impose liability on

---

WHEREFORE, the plaintiffs demand judgment against the defendants for damages in the amount of Fifty Million and No/100 ($50,000,000.00) Dollars, plus costs.

**2.** It is generally known that federal courts are not common law courts of general jurisdiction. *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074 (5th Cir. 1980).

**3.** In *Miree*, the only asserted basis for federal jurisdiction was diversity of citizenship under 28 U.S.C. § 1332. Although in the instant action, the primary jurisdictional issue addressed is federal question jurisdiction, the court finds the principles discussed by the Supreme Court in *Miree* applicable.

defendants as third-party beneficiaries of contracts between defendant and the Federal Aviation Administration. As is the case here, no question was raised regarding the liability of the United States under the contract. The Supreme Court held that while federal common law may govern a government contract issue where a uniform national rule is necessary to further the interests of the federal government, the application of federal common law to resolve the issue presented (private third-party beneficiary claim) would promote no federal interests. 433 U.S. at 29, 97 S.Ct. at 2493. The court observed that since no direct effect upon the United States or its Treasury would result from the resolution of the plaintiffs' claim, state law, not federal common law, should be determinative. In conclusion, the court stated:

> We conclude that any federal interest in the outcome of the question before us is 'far too speculative, far too remote a possibility to justify the application of federal law to transactions essentially of local concern.'

433 U.S. at 32–33, 97 S.Ct. at 2495–2496.

As in *Miree*, the defendants here have failed to show any non-speculative federal interest or any significant conflict between federal policy and federal interest and the use of the state courts and application of state laws[4] sufficient to support the federal question jurisdiction of this forum.[5]

The court notes that the defendants have not relied upon any federal statute such as 29 U.S.C. § 185 in support of their jurisdiction contention. On this point, the court is persuaded by the Supreme Court's holding in the recent case of *Jackson Transit Authority v. Local Division 1285, Amalgamated Transit Union*, —— U.S. ——, 102 S.Ct. 2202, 72 L.Ed.2d 639 (1982). There, the precise issue was whether an action for the breach of a collective bargaining contract

entered into pursuant to § 13(c) of the Urban Mass Transportation Act constituted a federal cause of action. In ruling that the contract action was not a federal cause of action, the court stated that, "Congress intended those contracts to be governed by state law applied in state court." In Justice Powell's concurring opinion, this court finds significant direction. There, Justice Powell cited *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed.2d 702 (1951), for the established principle that "[t]he jurisdiction of federal courts is carefully guarded against expansion by judicial interpretation . . . ." —— U.S. at ——, 102 S.Ct. at 2211. In the instant action, this court has not been convinced that it should abandon this "established principle." As Justice Powell recommended, "a federal court should exercise extreme caution before assuming jurisdiction not clearly conferred by Congress . . . ." *Id.*

## II. Improper Venue.

■ The court finds no merit in this basis for removal. Rule 82(d), Alabama Rules of Civil Procedure, provides for the transfer of an action filed in an improper forum. In addition, a question of fact exists as to where proper Alabama venue rests. The plaintiffs allege that venue is proper in Morgan County, Alabama inasmuch as plaintiffs believe that Olin does business in Morgan County, Alabama. Olin disputes this allegation. The court notes Rule 82(b)(2), Alabama Rules of Civil Procedure. That rule provides that actions against non-residents may be brought in any county of the state where the nonresident is found. *See Steen v. Swadley*, 126 Ala. 616, 28 So. 620 (1900); and *Ex Parte Cummings, Gazaway & Scott, Inc.*, 386 So.2d 732 (Ala.1980) (a suit against a nonresident may be brought in any county where he is found and served with process, or where he enters an appearance). In any event, this is a matter for the state circuit court to decide.

---

4. At page 4 of Olin's brief, the defendant admits that state law may have to be "borrowed" to resolve the issues raised in this action.

5. *See Boyster v. Roden*, 628 F.2d 1121 (8th Cir. 1980), for an excellent analysis of the ranking decisions in this area. In *Boyster*, the court

held that federal common law did not govern obligations of fiduciaries of federally chartered production credit associations and that a federal court could exercise no jurisdiction over such an action.

Removal under 28 U.S.C. § 1441(c) is not appropriate based upon this ground.

## III. Fraudulent Joinder.

■■■ Regarding this contention the court notes the recent United States Court of Appeals, Fifth Circuit, case of *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). In that case, B., Inc., a Texas corporation, brought suit in Texas state court against the defendant, Miller Brewing Company, a Wisconsin corporation, and four co-defendants. The codefendants were Texas residents. Miller Brewing Company sought to remove the case to the United States District Court and alleged that the Texas residents were fraudulently joined for the purpose of defeating the federal court's diversity jurisdiction. The Fifth Circuit stated that, "Where there have been allegations of 'fraudulent joinder,' it is clear that the burden is upon the removing party to prove the alleged 'fraud.'" 663 F.2d 545 at 549. The court went on to explain the procedure and standards to be applied where fraudulent joinder is alleged. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either:

(a) that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or

(b) that there has been outright fraud in the plaintiff's pleadings of jurisdiction facts.

663 F.2d 545 at 549. In reaching a determination on the fraudulent joinder issue, a district court must evaluate all factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.

663 F.2d 545 at 549. *See also, Keating v. Shell Chemical Company*, 610 F.2d 328 (5th Cir. 1980); and *Tedder v. F.M.C. Corp., et al.*, 590 F.2d 115 (5th Cir. 1979). Also, the district court must resolve any uncertainties as to the current state of controlling law in favor of the plaintiffs. 663 F.2d 545 at 549. *See Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172 (5th Cir. 1968).

■ In this action, Wilcoxon, the in-state defendant, was an agent or employee of Olin from 1954 until 1970. For a large portion of this period of time he served as Olin's Huntsville plant manager. Plaintiffs' complaint alleges that *both* defendants committed acts of negligence, nuisance, wantonness, etc., in discharging DDT into the pertinent waterways. Viewing the factual allegations in a light most favorable to the plaintiffs, the court must, at this point, assume that Wilcoxon was an active plant manager at Olin's Huntsville, Alabama facility and that he was negligent or wantonly reckless in the conduct of his activity. It is "possible" that the plaintiffs would be able to establish a cause of action against him in state court.[6] Further, the defendants have offered no competent proof showing an outright fraud in the plaintiffs' pleading of jurisdictional facts.[7] The court concludes that defendants have *not* met the "heavy" burden placed upon those who cry "fraudulent joinder."[8]

The court fully recognizes that a consideration of this motion solely on the basis of judicial economy would dictate the denial of remand. However, the court does not have the prerogative to decide the issue on this basis. The court is convinced that the discovery in all related cases pending in this court, including this one, which the court has determined should be remanded, should be consolidated for purposes of discovery.

---

**6.** *See Carter v. Franklin*, 234 Ala. 116, 173 So. 861 (1937). In tort actions all persons are jointly and severally liable for the proximate result of their negligence. The relation of employer and employee excuses neither. The court has given the defendant an opportunity to demonstrate why plaintiffs have not stated a cause against Wilcoxon under Alabama law. Defendant has cited no cases to the court on this point.

**7.** No evidence has been offered that Wilcoxon was not or is not an Alabama resident and citizen.

**8.** *See B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981).

The court will not enter an order of remand at this time. At the status conference scheduled for July 8, 1982, the parties should be prepared to submit to the court an agreement whereby the cases will remain consolidated, after remand, for purposes of discovery or suggest to the court an appropriate order which this court may have authority to grant in this regard.