**SIERRA CLUB and Natural Resources Defense Council, Inc.**

**v.**

**C.G. MANUFACTURING, INC.**

**Civ. A. No. 84–1784–Z.**

United States District Court,
D. Massachusetts.

April 12, 1985.

James Thornton, Natural Resources Defense Council, Inc., New York City, Peter Koff, Boston, Mass., for plaintiffs.

Michael B. Roitman, Stephen R. Delinsky, Fine & Ambrogne, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiffs Sierra Club and Natural Resources Defense Council have brought this action against C.G. Manufacturing, Inc. under the Federal Water Pollution Control Act ("the Act"), 33 U.S.C. § 1251, *et seq.* Plaintiffs allege that defendant has violated its National Pollutant Discharge Elimination System ("NPDES") permit.[1] Defendant has filed a motion to dismiss and both parties have filed motions for summary judgment.[2]

The following facts are undisputed. Plaintiffs are environmental conservation organizations. Defendant is a Massachusetts corporation which operates a metal plating plant in Taunton, Massachusetts. In June, 1979, the Environmental Protection Agency issued an NPDES permit to Coopercraft Guild, which authorized the discharge of limited quantities of wastes into the Taunton River. In July, 1981, defendant purchased Coppercraft Guild and began operations using the NPDES permit that had been issued to Coppercraft. In September, 1984, the permit was reissued to defendant. Pursuant to this permit, de-

fendant is required to report monthly on the contents and quality of its wastewater discharge, in Discharge Monitoring Reports ("DMRs").

## I. *Defendant's Motion to Dismiss*

■ Defendant moves to dismiss the complaint on the grounds that plaintiffs lack standing to bring this action. Plaintiffs present their action as a citizen suit pursuant to § 505 of the Act, 33 U.S.C. § 1365. The statute defines a "citizen" as "a person or persons having an interest which is or may be adversely affected." Defendant argues that in order to show standing, plaintiffs must name individual members who have suffered an injury-in-fact from defendant's activities.

The requirements of standing in citizen suits are governed by *Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). It held that the Sierra Club did not have standing because it failed to allege that it or its members "would be affected in any of their activities or pastimes" by the defendant's activities, or that the Club or its members use the area in question "in any way that would be significantly affected by the proposed actions of the [defendant]." *Id.* at 735, 92 S.Ct. at 1366.

Plaintiffs allege in this complaint that their members:

> [R]eside in Massachusetts, in the vicinity of the Taunton River, and recreate in, on or near and otherwise use and enjoy, the Taunton River.... The interests of Sierra Club's [and NRDC's] members have been, are being and will be adversely affected by defendant C.G. Manufacturing, Inc.'s failure to comply with its NPDES permit requirements.

Plaintiffs state that they are also prepared, if necessary, to identify individual members

---

**1.** Plaintiffs in their complaint alleged 153 violations since July, 1979. They agreed at oral argument on December 6, 1984, not to proceed on any violations prior to defendant's acquisition of its facility on July 13, 1981. Thus, the only violations involved in this action are those

which are alleged to have occurred after July 13, 1981.

**2.** Plaintiffs' motion is on the issue of liability only. They do seek injunctive relief and civil penalties; these issues are reserved for later determination.

whose interests in the Taunton River and its watershed will be adversely affected.

Because plaintiffs' allegations of their members' injuries satisfy the requirements of *Sierra Club v. Morton,* I conclude that plaintiffs have standing to bring this action. Defendant's motion to dismiss is therefore denied.

II. *Defendant's Motion for Summary Judgment*

■ Defendant offers three arguments in support of its motion for summary judgment: first, that plaintiffs lack standing; second, that a citizen suit may be brought only for present and ongoing violations, and defendant is presently in compliance with its NPDES permit; and third, that because defendant has achieved compliance with its permit, plaintiffs' claim for injunctive relief is moot. Insofar as the motion is based on standing, it is denied for the reasons stated above.

Defendant's second argument appears to be two-part: that citizen suits may only be filed when a violation is ongoing, and that if a defendant achieves compliance during the pendency of the action the case is moot. In support of this argument, defendant points to the language of § 505(a) of the Act, which provides for a citizen suit against any person "who is alleged to be in violation of the Act," the legislative history of the Act, and several cases which purportedly stand for the proposition that citizen suits cannot be brought for past violations.

First, I do not read the statutory language "alleged to be in violation" to narrow the range of actionable violations to only those still ongoing at the time suit is instituted. But even if defendant's reading of the statute were correct, plaintiffs al-

lege that it was in violation of its permit at the time this suit was filed. And, the fact that defendant may have achieved compliance with its permit since this action was filed cannot affect the ability of plaintiffs to sue. Otherwise, defendants in these actions would be able to escape all liability for their violations by achieving compliance during the pendency of the suit.

Second, the cases cited by defendant all involve claims by individuals for damages and are thus irrelevant to this issue.[3] Plaintiffs here seek only civil penalties, which is clearly provided for in 33 U.S.C. § 1365. And, several courts have held that citizens may seek civil penalties for past violations of the Act. *See Illinois v. Outboard Marine, Inc.,* 680 F.2d 473, 480–81 (7th Cir.1982); *Sierra Club v. The Aluminum Co. of America,* 585 F.Supp. 842 (N.D.N.Y.1984). Defendant's motion, to the extent that it is based on an argument that citizen suits seeking civil penalties for "past" violations are not allowed under the Act, is denied.

Defendant's final basis for its motion is that because it has achieved compliance with its permit, plaintiffs' claim for an injunction against further violations is moot. Defendant asserts through the affidavit of Richard Dagenais that from July to September, 1984, it was in compliance with the NPDES permit which had originally been issued to Coppercraft Guild, and that "from September, 1984, to the present" it has been in compliance with its reissued permit. Thus, defendant argues, it is "absolutely clear" that compliance will continue, future permit violations "are not reasonably expected to recur," and the claim for injunctive relief is thus moot. *See Vitek v. Jones,* 445 U.S. 480, 487, 100 S.Ct. 1254, 1260, 63 L.Ed.2d 552 (1980).

---

**3.** Defendant cites four cases for the proposition that only prospective relief is available in citizen suits. Defendant misreads either the cases or the complaint. In deciding that prospective relief is available, the courts in these cases held that the Act does not provide for citizen suits for damages. Plaintiffs seek no damages. They request that civil penalties be assessed against defendant, which the courts have held to be an

available remedy in a citizen suit. *See City of Evansville, Illinois v. Kentucky Liquid Recycling, Inc.,* 604 F.2d 1008, 1014 (7th Cir.1979), *cert. denied,* 444 U.S. 1025, 100 S.Ct. 689, 62 L.Ed.2d 659 (1980); *City of Philadelphia v. Stepan Chemical Co.,* 544 F.Supp. 1135, 1146 (E.D.Pa.1982); *Mabray v. Velsicol Chemical Corp.,* 480 F.Supp. 1240, 1245 (W.D.Tenn.1979).

While defendant's statements may indicate that it does not intend to violate its permit in the future, they do not establish that plaintiffs' claim is moot. Plaintiffs allege substantial past violations spanning several years, and defendant, at best, claims to have been in compliance since July, 1984. For this Court to determine on this basis that it will not violate its permit in the future would be only speculation.

Because there is no basis at this time to conclude that plaintiffs' request for an injunction is moot, defendant's motion for summary judgment on this issue is denied. However, since plaintiffs in their motion seek only a declaration that defendant has violated its permit, I do not now decide whether they are entitled to injunctive relief.

### III. *Plaintiffs' Motion for Summary Judgment*

Plaintiffs move for summary judgment on the ground that defendant's admissions show that it violated the Act. They assert that (1) defendant's DMR's show that it violated its NPDES permit; (2) a violation of the permit is a violation of the Act, specifically §§ 301 and 402, 33 U.S.C. §§ 1311(a) and 1342; and (3) neither good faith nor objection to the permit is a defense in an enforcement proceeding.

In opposition to the motion, defendant attempts to raise three factual issues. First, defendant questions whether the violations of its permit were attributable to its activity or to the quality of the incoming Taunton city water. Second, it argues that violations of its permit limit on concentration levels may be justified because the impermissibly high concentrations occurred when defendant decreased its volume of wastewater, which had the net result of a reduced total amount of pollutants discharged. Third, defendant states that in 1983 and 1984 the EPA inspected its premises and commended it on its efforts to comply with its permit, thus creating a factual issue on any violation of the Act after the EPA's approval of the operations at C.G. Manufacturing, Inc.[4]

■ Defendant's first two arguments, concerning the incoming city water and the relationship of concentration of pollutants to total pollutants discharged, may raise issues of fact, but they are not material issues. *See Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976) (opponent of a motion for summary judgment must raise genuine issue of material fact). The NPDES permit allows defendant to discharge pollutants from its facility only in accordance with the provisions of the permit. *See* 33 U.S.C. § 1342. Enforcement of the permit is based on strict liability. *See United States v. Earth Sciences, Inc.,* 599 F.2d 368, 374 (10th Cir. 1979); *United States v. C.F. Industries, Inc.,* 542 F.Supp. 952, 955 (D.Minn.1982). Thus, defendant is responsible for all aspects of the quality of its wastewater, regardless of the characteristics of the city water that comes into the facility. It is also responsible for the concentration of pollutants discharged, regardless of the volume of its wastewater.

■ Defendant's third argument also raises no genuine issue of material fact. The compliments of EPA staff scientists do not rise to the level of a waiver of the right to prosecute permit violations. Further, a citizen suit may only be brought when the federal or state authorities have decided not to prosecute an alleged offender. *See* 33 U.S.C. § 1365(b). Thus, EPA's apparent satisfaction with the quality of defendant's effluent is not relevant to plaintiffs' cause of action.

Plaintiffs' motion on the issue of liability therefore remains unchallenged. Summary judgment is granted on all violations

4. These "commendations" appeared in letters from EPA staff scientists to Mr. Richard Dagenais, defendant's plant engineer. The relevant portions of these letters read: "May I compliment [you] in your efforts to maintain a quality effluent," and "May I compliment [you] in your efforts to maintain a quality effluent and for addressing and correcting all recommendations made ... at the last inspection."

occurring after July 13, 1981. Plaintiffs shall file an amended complaint by May 3, 1985, specifying the violations for which they seek relief.